(3 App. Div. 347.)

CARMODY v. CITY OF MOUNT VERNON.

(Supreme Court, Appellate Division, Second Department. April 7, 1896.)

MUNICIPAL CORPORATIONS—CIVIL SERVICE REGULATIONS—CONSTRUCTION.
    An inspector of street paving is not included in the civil service regulation of the city of Mount Vernon, requiring examinations, before appointment, of "all persons employed in or appointed in the public service and

not specially included" in certain schedules, "viz.: Police department, chief, assistant chief, patrolmen, station-house keeper, sanitary inspector," as the clause following the videlicet limits the words "all persons" to the kinds particularized.

Appeal from Westchester county court.

Action by John J. Carmody against the city of Mount Vernon. From a judgment for plaintiff, entered on a decision of the county judge after a trial without a jury, defendant appeals. Affirmed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

David Swits, for appellant.
Milo J. White, for respondent.

BARTLETT, J. The plaintiff recovered judgment for 37 days' services in November and December, 1894, as an inspector on the work of grading and macadamizing Sixth avenue in the city of Mount Vernon. The sole ground of objection to this judgment is that the plaintiff was thus employed without having passed a civil service examination.

The civil service regulations prescribed by the mayor of Mount Vernon, which were in force at the time of the plaintiff's employment, classified the officers and employés of the city under several schedules. The only one which could be construed to include the position occupied by the plaintiff was Schedule B. Examinations were essential to valid appointments to places embraced in that schedule. It included "all clerks, copyists, recorders, stenographers, bookkeepers, and others rendering clerical services, and not included in Schedule A, and all policemen, firemen, messengers, orderlies, court attendants, guards and keepers in jails and prisons, and all persons employed or appointed in the public service, and not specially included in Schedules A, C, and D, viz.: Police department, chief, assistant chief, patrolmen, station-house keeper, sanitary inspector." The county judge held that the words, "all persons employed or appointed in the public service and not specially included in Schedules A, C, and D," would extend to the plaintiff's position were it not for the succeeding clause, following the videlicet. That clause, in his opinion, operated as a limitation upon the preceding phrase "all persons," so that these general words were restricted in their application, and included only the specified classes of appointments or employments in the police and sanitary service of the city. According to this construction, the position of an inspector of grading and macadamizing was not covered at all by the civil service regulations of Mount Vernon at the time the plaintiff's services were rendered, or it belonged to a class outside the regulations, for which no examination was then required.

I think the views of the learned trial court in this respect were correct. It was proper to construe the civil service regulations of Mount Vernon, just as it would be to construe a statute, in the light of the rule that general words will be restrained to things of the same kind as those particularized in a subsequent clause. See

Smith v. People, 47 N. Y. on page 337; Sedg. St. Const. (Pom. Notes) 360. The mention of the police department, police officers, and sanitary inspectors in the last clause of Schedule B was needless and meaningless unless the intention was to qualify the general language which preceded it.

We are not called upon in this case to consider or determine the effect of the new constitution (article 5, § 9) upon regulations established by municipal authorities under the civil service law (chapter 354, Laws 1883, as amended by chapter 681, Laws 1894). The plaintiff was employed, and all his work was done in 1894, before the new constitution went into operation.

The judgment should be affirmed, with costs. All concur.