William H. Hoggett, Respondent, v. The City of Mount Vernon, Appellant.

*Charter of the city of Mount Vernon — employment of an inspector by the commissioner of public works — right of a successor to discharge the employee.*

A person employed under section 122 of chapter 182 of the Laws of 1892 (the charter of the city of Mount Vernon) to superintend or inspect certain work then being done under the general supervision of the commissioner of public works, is not entitled to claim during the term of a successor of such commissioner, under whom he continued to work, that he had made a contract with the former commissioner which bound the city to employ him until the work was completed.

*Semble*, that such a contract could, in any event, be made only with the permission of the commissioner actually in office at the time when the work was to be done.

Appeal by the defendant, The City of Mount Vernon, from a judgment of the County Court of Westchester county in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 7th day of September, 1898, upon the verdict of a jury, and also from an order bearing date the 23d day of June, 1898, and entered in said clerk's office, denying the defendant's motion for a new trial made upon the minutes.

*William J. Marshall*, for the appellant.

*David Swits*, for the respondent.

Woodward, J.:

This action was brought to recover for services alleged to have been rendered by the plaintiff as an inspector of the work of improving one of the highways of the defendant. It appears that the plaintiff was appointed or employed by the commissioner of public works of the city of Mount Vernon as an inspector of certain street improvements, the plaintiff claiming that he was appointed for the time necessary to complete the work. Some time after the original employment a new commissioner of public works came into office, and on the tenth day of August the plaintiff was dismissed from the service and a man appointed to take his place. The plaintiff, claiming to have been appointed during the continuance of the work,

and to be in some manner protected by the civil service regulations of the city, refused to consider himself dismissed, but continued to report for duty during the time that the work was in progress ; and this action was brought to recover three dollars and fifty cents per day from the 10th of August to the 16th day of November, 1897.

The trial court submitted to the jury the single question : " Was the plaintiff discharged or removed for cause, or was he not ? "  In the view which we take of the case this question is entirely immaterial.   The plaintiff was not a public officer in any proper sense of the word, nor under the rule approved in this court in the case of *Carmody* v. *City of Mount Vernon* (3 App. Div. 347), Mr. Justice BARTLETT writing the opinion, was he within the protection of the civil service rules of the city.   He was simply employed temporarily under the provisions of the charter of the city of Mount Vernon (Chap. 182, Laws of 1892) to superintend or inspect certain work which was being done under the general supervision of the commissioner of public works, who is authorized by section 122 " to employ such men as may be required to perform any public work not done by contract and to discharge them, the number to be employed at any one time to be subject to the direction and control of the common council."   The plaintiff accepting employment under the provisions of this law, the former commissioner of public works could not make a contract binding upon the city to employ the plaintiff to the completion of the work, except by the permission of the commissioner who was actually in office ; and when the plaintiff elected to continue to report for duty, in spite of his removal from the position, he did so without any reasonable warrant of law and he cannot now recover.   The plaintiff was not an inspector under the provisions of section 120 of the charter ; the inspectors there mentioned are to be appointed by the commissioner, by and with the consent of the common council, for the purpose of inspecting the connections with sewers and drains, and to see that all contracts with the city, in respect to sewers and drains, are carried out.

The civil service laws were never intended to embarrass public officials in the discharge of their duties, nor to keep in employment every man who should be temporarily engaged in some work for the city or State.   By the provisions of section 121 of the charter of Mount Vernon, it is made the duty of the commissioner of public

works to "supervise and carefully examine all work done under contract with said city, and to report thereon," etc., and the next section provides for the employment of such men as may be required and to discharge them. The plaintiff was merely an inspector to assist the commissioner in the discharge of his duty of supervising the work which was being done by the contractors, and he had no greater claims upon the city than any other employee who was working for a stated *per diem* sum.

The proof in this case shows that the plaintiff was appointed by the commissioner of public works upon a particular piece of highway work, and not that he was appointed an inspector of sewers and drains, by and with the advice and consent of the common council; and the contention of counsel that he is within the provisions of section 120 is without force. We are of opinion that the trial court erred in refusing to dismiss the complaint at the close of plaintiff's evidence, upon the grounds stated by counsel for the defendant.

The judgment and order should be reversed, with costs.

All concurred.

Judgment and order reversed and complaint dismissed, with costs.