In the Matter of the Application of GEORGE KEYMER, Appellant, for a Writ of Mandamus directed to THE CIVIL SERVICE COMMISSION OF THE CITY OF BROOKLYN, Respondent.

1. THE CIVIL SERVICE— CONSTITUTION OF 1894 — VETERANS. Section 9 of article 5 of the Constitution of 1894— which prescribes that appointments and promotions in the civil service of the state and of all the civil divisions thereof shall be made according to merit and fitness, to be ascertained, so far as practicable, by examinations, which, so far as practicable, shall be competitive; with the proviso that honorably discharged soldiers and sailors of the late civil war shall be entitled to preference in appointment and promotion, without regard to their standing on any list from which such appointment or promotion may be made — gives no preference to veterans of the civil war over other citizens of the state in examinations, whether competitive or non-competitive; but its meaning is that when, as a result of examinations, a list is made up, consisting of those whose merit and fitness have been duly ascertained, then the veteran is entitled to preference, without regard to his standing on the list.

2. VETERANS — CHAP. 344 OF 1895. The provisions of chapter 344, Laws of 1895, to the effect that as to honorably discharged soldiers and sailors of the late civil war, competitive examinations for appointment in the civil service shall not be deemed practicable or necessary in cases where the compensation or other emolument of the office does not exceed four dollars per day, are in conflict with section 9 of article 5 of the Constitution of 1894, and consequently void.

Reported below, 89 Hun, 292.

(Argued January 6, 1896; decided January 21, 1896.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, made July 26, 1895, which reversed an order of Special Term directing that a writ of mandamus issue commanding the defendant, the Civil Service Commission of the City of Brooklyn, to afford the relator, George Keymer, a non-competitive examination, in conformity with chapter 344, Laws of 1895, for the position of messenger — the compensation of the position being less than four dollars per day.

Further facts are stated in the opinion.

*Jesse Johnson* for appellant. When the Constitution was enacted, and when it was adopted by the people, the civil service statutes did not reach or have any application to the appointment of veterans to positions like that here in question. (Laws of 1894, chap. 618; Laws of 1892, chap. 677, § 31.) The words "so far as practicable" mean, so far as is practicable for securing better administration, and for improving the civil service. They do not mean, so far as the mere formulæ of examination, marking and rating are practicable. They are to be construed as looking to results, and not as provisions merely for means or machinery. (Laws of 1883, pp. 530, 532.) The Constitution provides that veterans shall be entitled to preference without regard to their standing on any list from which such appointments may be made. The effect of this provision is, that veterans are excluded from the requirement for competitive examination. (Endlich on Statutes, § 178; *Kerrigan* v. *Force*, 68 N. Y. 381.) The law of 1895 will be construed according to its clear letters, and made to apply to all applicants for places, the compensation of which is less than four dollars per day. (Laws of 1883, p. 532; Laws of 1884, p. 488; 5 Records of N. Y. Const. Con. 2545–2561.)

*Albert G. McDonald* for respondent. Chapter 344 of the Laws of 1895 is unconstitutional and void. (Const. N. Y. art. 5, § 9; *Rogers* v. *City of Buffalo*, 123 N. Y.

179; Laws of 1883, chap. 354; *In re Sweeley*, 12 Misc. Rep. 174; Laws of 1884; chap. 410, § 8.) Whatever discrecretion is by the Constitution vested in the Legislature to declare practicability or non-practicability respecting civil service examinations as to any positions or class of positions in the civil service is not an arbitrary, unrestrained discretion, but is subject to judicial review. (*In re Jacobs*, 98 N. Y. 98; *People* v. *Marx*, 99 N. Y. 377; *In re Deansville Cemetery*, 66 N. Y. 569; *In re W. & M. Co.*, 96 N. Y. 42.)

BARTLETT, J. The single question presented by this appeal is whether chapter 344, Laws of 1895, is in conflict with article 5, section 9, of the Constitution of 1894.

The relator, an honorably discharged soldier of the late civil war, applied to the defendant on the 17th day of May, 1895, for a non-competitive examination as messenger in the service of the city of Brooklyn, in pursuance of chapter 344, Laws of 1895, which went into effect April 18th, 1895.

The application was refused and this proceeding was instituted.

The act of 1895 is amendatory of various acts amending the original act of 1883 (Ch. 354), to regulate and improve the civil service of the state of New York.

The material portion of section one of the act of 1895 reads as follows: " In grateful recognition of the services, sacrifices and sufferings of persons who served in the army or navy of the United States in the late civil war, and have been honorably discharged therefrom, they shall be certified as such by the commissioners or board of officers authorized to report names for appointment or promotion to the appointing officer or other appointing power, and when such honorably discharged soldiers and sailors of the late civil war are applicants, they shall be preferred for such appointment and promotion, and competitive examinations shall not be deemed practicable or necessary in cases where the compensation or other emolument of the office does not exceed four dollars per day, but the examination shall be such as is calculated only

to ascertain the merits and fitness of the applicant for the position for which he applies, and if found fitted to fill such position, the applicant's name shall be placed on the eligible list and he shall be certified therefrom."

The Constitution of 1894 (Art. 5, section 9) reads as follows: " Section 9. Appointments and promotions in the civil service of the state, and of all the civil divisions thereof, including cities and villages, shall be made according to merit and fitness, to be ascertained, so far as practicable, by examinations, which, so far as practicable, shall be competitive; provided, however, that honorably discharged soldiers and sailors from the army and navy of the United States in the late civil war, who are citizens and residents of this State, shall be entitled to preference in appointment and promotion, without regard to their standing on any list from which such appointment or promotion may be made.   Laws shall be made to provide for the enforcement of this section."

This section of the Constitution is clear and concise, and it would seem as if there ought to be little difficulty in understanding its meaning.   Appointments and promotions in the civil service are to be made according to merit and fitness, to be ascertained, so far as practicable, by examinations, which, so far as practicable, shall be competitive.

This is all the Constitution has to say in regard to examinations.   It then provides that certain described honorably discharged soldiers and sailors in the late civil war shall be entitled to preference in appointment and promotion without regard to their standing on any list from which such appointment or promotion may be made.

This is the only provision made for the veterans of the civil war.   It then declares that laws shall be made to provide for the enforcement of these provisions.

Three points stand out clearly in this section, viz. :

1. Merit and fitness are to be ascertained, so far as practicable, by examinations.

2. Examinations, so far as practicable, shall be competitive.

3. The honorably discharged soldiers and sailors of the civil

war are only entitled to preference in appointment and promotion after their names appear on the list from which appointments and promotions may be made.

It will be profitable before considering the act of 1895, in the light of these constitutional provisions, to refer briefly to the condition of civil service legislation at the time the new Constitution was framed and the proceedings in the Constitutional Convention in reference to the section we are considering.

In 1883 an act was passed to regulate and improve the civil service of the state of New York (Ch. 354); in 1884 (Ch. 410, § 4) the act of 1883 was amended by giving honorably discharged soldiers and sailors in the late war preference for appointment in the civil service over other persons of equal standing as ascertained under the act and the act amended.

In other words, this was a preference on the eligible or waiting list.

In 1886 (Ch. 29, § 1) the act of 1884 was amended by removing some of its obscurities. Chapter 464, Laws of 1887, amending chapter 312, Laws of 1884, also conferred special privileges on veterans. In 1894 (Ch. 717) the previous acts were amended by adding to the provisions already referred to, the following, viz. : "But the civil service rules and laws of this state shall not apply to such persons residents of this , state who served in the army or the navy of the United States in the late war and have been honorably discharged therefrom, for any position or employment, the compensation of which does not exceed four dollars a day in the public departments, and upon all public works of the state of New York, and of the several cities, counties, towns and villages thereof."

At that time no constitutional provisions stood in the way of such legislation, whatever other reasons might have been urged against it.

The Constitution of 1894 went into effect January 1st, 1895.

Shortly thereafter the act of 1894 (Ch. 717) was declared by the Special Term of the third department to be in conflict with the provisions of the Constitution of 1894, already quoted, and, therefore, abrogated. (*People ex rel. George*

*Sweeley* v. *Oren E. Wilson et al., Police Commissioners, etc.,* 12 Misc. Rep. 174; affirmed June 14th, 1895, 146 N. Y. 401, without opinion.)

Judge HERRICK wrote so able and exhaustive an opinion at Special Term that this court, in affirming, did not deem it necessary to write.

The Constitutional Convention, familiar with the civil service legislation referred to, framed the section we have quoted and the history of its passage through that body is instructive.

As originally offered to the convention the section read: "Appointments and promotions in the civil service of the state and of the cities shall be made, so far as practicable, according to merit and fitness, to be ascertained by examinations, which, so far as practicable, shall be competitive. Laws shall be made to provide for the enforcement of this section." (Records of the New York Const. Con. p. 2438.)

It will be observed that, as introduced, this section provided for no preferred class.

The following amendment was offered and defeated (Id. 2444): "Honorably discharged Union soldiers and sailors, who are not otherwise disqualified for such appointment or promotion, shall be exempt from the provisions of this section." A number of amendments were then offered differing in phraseology, but having a common object, the exemption of honorably discharged Union soldiers and sailors from the provisions of the section.

Finally, the following amendment was offered and adopted (Id. 2554), which was practically a substitute for all pending amendments: "Provided, however, that honorably discharged soldiers and sailors of the United States in the late civil war shall be entitled to preference in appointment and promotion, without regard to their standing in any list from which appointment or promotion shall be made."

This was afterwards slightly amended so as to read as it stands in the section at the present time.

It is, therefore, apparent, in view of the civil service legislation existing in 1894, and the history of this section of the

Constitution under review in the Constitutional Convention, that it was the intention of the framers of the Constitution to place all the citizens of the state on an equality as to examinations, to determine the merit and fitness of those who desired an appointment in the civil service.

It was only after long debate and the defeating of a number of more radical amendments in the convention that the veterans of the civil war secured preference in appointment and promotion without regard to their standing on any list from which appointment and promotion could be made.

It seems to us clear that this section of the Constitution, read according to its letter and spirit, contemplates that in all examinations, competitive and non-competitive, the veterans of the civil war have no preference over other citizens of the state, but when, as a result of those examinations, a list is made up from which appointments and promotions can be made, consisting of those whose merit and fitness have been duly ascertained, then the veteran is entitled to preference without regard to his standing on that list.

We come, then, to consider the act of 1895, which provides in substance that as to honorably discharged soldiers and sailors of the late civil war, competitive examinations shall not be deemed practicable or necessary, in cases where the compensation or other emolument of the office does not exceed four dollars per day.

It is very clear that this act is in conflict with the section of the Constitution we have examined and construed.

In the first place, this act refers only to veterans of the civil war, and creates a favored class.

The veteran who seeks a place in the civil service where compensation does not exceed four dollars per day is exempted from competitive examination, while every other citizen must submit to it.

This is contrary to the letter and spirit of the Constitution, and renders the act void.

There is, however, another provision fatal to the act wherein it arbitrarily declares that as to veterans competi-

tive examinations shall not be deemed practicable or necessary in cases where compensation does not exceed four dollars per day.

While it is true that the Constitution contemplates that it may not always be practicable to ascertain merit and fitness by examinations, or to have these examinations competitive, yet a mere arbitrary declaration in an act of the legislature that competitive examinations of veterans are impracticable in cases where the compensation does not exceed four dollars per day, is in plain violation of the provisions of the Constitution making competitive examinations necessary.

It needs no argument to demonstrate that the rate of compensation attaching to an office is no test of the practicability of subjecting the applicant for the position to a competitive examination.

It is not necessary at this time to define and limit the power here conferred upon the legislature.

It is enough to say that the attempted exercise of power in the act of 1895 is void.

It is quite possible there are or will be offices and positions, by reason of peculiar duties, which experience will demonstrate cannot be filled by competition and when such a case arises it will be competent for the legislature to provide for it by an appropriate act disclosing the circumstances which justify its intervention.

We have been urgently requested to construe the civil service section of the Constitution and the subsequent legislation to enforce it so as to protect the veterans of the civil war in their declining years when seeking positions wherein to earn an honest living.

We have but one duty to discharge at this time and that is to construe the Constitution as written and to determine the validity of legislation seeking to enforce it.

The status of the war veterans in the civil service was fixed by the Constitutional Convention of 1894 and if it is not satisfactory to the people the remedy is with them.

We are fully convinced, however, of the wisdom of a well-

regulated civil service in the state and all its civil divisions. Experience has demonstrated that competitive examinations have greatly benefited the public service.

This being so, the war veterans, in common with all other good citizens, will favor a rigid enforcement of the civil service provisions of the Constitution.

The order appealed from should be affirmed.

All concur, except Vann, J., not sitting.

Order affirmed.