In the Matter of the Application of CHARLES BARTHELMESS et al., Appellants, *v.* MORRIS CUKOR et al., Composing the Municipal Civil Service Commission of the City of New York, Respondents.

**Constitutional law — civil service — veterans — chapter 282 of Laws of 1920 giving preference in civil service to officers and employees who entered into military or naval service of United States unconstitutional and preference sought to be conceded void.**

1. Section 9 of article 5 of the State Constitution providing that appointments and promotions in the civil service " shall be made according to merit and fitness to be ascertained, so far as practicable, by examinations which, so far as practicable, shall be competitive," concedes one preference and one only — to veterans of the civil war. Neither legislature nor court is competent to add another.

2. Chapter 282 of the Laws of 1920, providing that entrance into the military or naval service of the United States shall give a preference in promotion to officers and employees in the civil service of the state and of its civil subdivisions, ignores the limitations of the Constitution and the preference which it concedes is void. The statute is not an estimate of capacity. It is the expression of a preference.

3. A contention that the Constitution is satisfied if candidates must pass an examination before their names are entered on the list and that preferences or favored classes may be created without limit if confined to those who pass, cannot be sustained. The test required by the Constitution is not merely examination, it is *competitive* examination. (*People ex rel. Balcom* v. *Mosher*, 163 N. Y. 32, distinguished.)

*Matter of Barthelmess* v. *Cukor*, 194 App. Div. 359, reversed.

(Argued May 31, 1921; decided July 14, 1921.)

Appeal from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 3, 1920, which affirmed an order of Special Term denying a motion for a peremptory writ of mandamus.

*Samuel H. Ordway, Elihu Root, Albert de Roode* and *Nelson S. Spencer* for appellants and Civil Service Reform Association. Article 5, section 9, of the Constitution prohibits any preference in the matter of appointment or promotion in the civil service as the result of competitive examination other than the specific preference given by this section of the Constitution to veterans of the Civil War. (*Matter of Sweeley*, 12 Misc. Rep. 174; 146 N. Y. 401; *Matter of Keymer*, 148 N. Y. 219; *People ex rel. Fleming* v. *Dalton*, 158 N. Y. 175.) Apart from the enumeration in the constitutional provision of a specific preference for Civil War veterans the basic requirement of the constitutional provision (Art. 5, § 9) prohibits a statutory exception from such provision. (*Hale* v. *Worstell*, 185 N. Y. 247; *People ex rel. McClelland* v. *Roberts*, 148 N. Y. 360; *People ex rel. Balcom* v. *Mosher*, 163 N. Y. 32; *Matter of Beck*, 135 App. Div. 156.) The specific preference given by the law in question was not a valid exercise of the legislative power to develop the principle of the constitutional provision or to provide for cases in which competitive examination was not practicable. (*Matter of Keymer*, 148 N. Y. 219.) The

statute conflicts with the provisions of the Constitution giving to local and state authorities the right of appointment with its necessary range of selection. (*People* v. *Mosher,* 163 N. Y. 32; *People ex rel Qua* v. *Gaffney,* 142 App. Div. 122; 201 N. Y. 535; *People ex rel. Hamilton* v. *Stratton,* 79 App. Div. 149; *People ex rel. Weintz* v. *Burch,* 79 App. Div. 156.)

*Charles D. Newton, Attorney-General (James S. Y. Ivins* of counsel), for State of New York.

*John P. O'Brien, Corporation Counsel (John F. O'Brien, Willard S. Allen* and *Arthur Sweeny* of counsel), for respondent. Passing for the moment, consideration of article 5, section 9, of the Constitution, chapter 282 of the Laws of 1920 is otherwise valid. (*Matter of Wortman,* 22 Abb. N. C. 137; *Matter of Sullivan,* 55 Hun, 285; *People ex rel. Uhrie* v. *Gilroy,* 60 Hun, 507; *People ex rel. Griffin* v. *Lathrop,* 142 N. Y. 113; *Opinion of the Justices,* 166 Mass. 589; *Goodrich* v. *Mitchell,* 68 Kans. 765; *Shaw* v. *City Council,* 131 Iowa, 128; *State* v. *Shedroi,* 75 Vt. 277; *Matter of Stutzbach,* 108 N. Y. 416; *Matter of Seeley,* 190 N. Y. 158.) It is not practicable to ascertain wholly by examination the superior merit and fitness of persons who have served in the army or navy during the World War. Chapter 282 of the Laws of 1920, providing for competitive examination, does not, there- fore, offend article 5, section 9, of the Constitution. (*People ex rel. Kenny* v. *Folks,* 89 App. Div. 171; *Matter of Reilly,* 92 Misc. Rep. 309; *Matter of McNeles,* 173 App. Div. 411; *People ex rel. Davison* v. *Williams,* 213 N. Y. 130; *People ex rel. Sweet* v. *Lyman,* 157 N. Y. 368; *People ex rel. Schlepp* v. *Knox,* 48 App. Div. 477; *People ex rel. Leary* v. *Knox,* 166 N. Y. 444; *Hale* v. *Worstell,* 185 N. Y. 247; *People ex rel. Moriarty* v. *Creelman,* 206 N. Y. 570; *Matter of Beck,* 135 App. Div. 156.)

*Francis N. Bangs* and *Merrill E. Gates, Jr.,* for war service veterans. The legislation granting a preference

to veterans, after they have successfully submitted to a competitive examination, does not contravene the Constitution of the state of New York. (*Keim* v. *United States,* 177 U. S. 290; *Goodrich* v. *Mitchell,* 68 Kans. 765; *Iowa* v. *Garbroski,* 111 Iowa, 496; *State* v. *Shedroi,* 75 Vt. 277; *Shaw* v. *Marshalltown,* 131 Iowa, 128; *Brown* v. *Russell,* 166 Mass. 14; *Opinion of the Justices,* 166 Mass. 589; *People ex rel. Kenny* v. *Folks,* 89 App. Div. 171; *People ex rel. Sweet* v. *Lyman,* 157 N. Y. 368; *Lewis* v. *Public Works,* 51 N. J. L. 240; *Ingram* v. *Board,* 63 N. J. L. 542; *State* v. *Miller,* 66 Minn. 90.) Chapter 282 of the Laws of 1920 does not conflict with the right of appointment and selection on the part of local and state authorities. (*People ex rel. Balcom* v. *Mosher,* 163 N. Y. 32; *People ex rel. Qua* v. *Gaffney,* 142 App. Div. 122; 201 N. Y. 535; *People ex rel. McClelland* v. *Roberts,* 148 N. Y. 360.) The contention that these acts purport to abrogate the necessity for tests of merit and fitness by competitive examinations is unfounded and misleading. (*People ex rel. Leary* v. *Knox,* 166 N. Y. 444; *Hale* v. *Worstell,* 185 N. Y. 247; *People ex rel. Moriarty* v. *Creelman,* 206 N. Y. 570; *Matter of Beck,* 135 App. Div. 156; *Matter of Stutzbach* v. *Coler,* 168 N. Y. 416; *People ex rel. Hamilton* v. *Stratton,* 79 App. Div. 149; *People ex rel. Qua* v. *Gaffney,* 142 App. Div. 122; 201 N. Y. 535; *People* v. *Mosher,* 163 N. Y. 32; *Matter of Keymer,* 148 N. Y. 219; *People ex rel. Drake* v. *Common Council,* 26 Misc. Rep. 522; *Loud* v. *Ordway,* 219 N. Y. 451; *People ex rel. Finnegan* v. *McBride,* 226 N. Y. 252.)

*Henry T. Chittenden* and *Cornelius W. Wickersham* for American Legion *amicus curiae.* The constitutional preference granted to veterans of the Civil War by article 5, section 9, of the Constitution of New York state is not exclusive in its nature, and there is no prohibition, express or implied, in the Constitution of this state which denies to the legislature the general power heretofore possessed

by it with respect to granting preference in appointments and promotions in the civil service. (*Matter of Keymer*, 89 Hun, 292; 148 N. Y. 219; *People ex rel. Sweet* v. *Lyman*, 157 N. Y. 368; *Matter of Sweeley*, 12 Misc. Rep. 174; 146 N. Y. 401; *Matter of Stutzbach* v. *Coler*, 168 N. Y. 416; *People ex rel. Balcom* v. *Mosher*, 163 N. Y. 32; *Chittenden* v. *Wurster*, 152 N. Y. 345; *People ex rel. Qua* v. *Gaffney*, 142 App. Div. 122; 201 N. Y. 535; *Menges* v. *City of Albany*, 56 N. Y. 374; *People ex rel. Weintz* v. *Burch*, 79 App. Div. 156; *Burke* v. *Holtzmann*, 110 App. Div. 564; *O'Reilly* v. *Lewis*, 105 Misc. Rep. 380; *People ex rel. Kresser* v. *Fitzsimmons*, 68 N. Y. 514.) Although the legislature may not make local appointments or enact laws to authorize the civil service commission to adopt rules precluding the exercise of the power of local appointment, it is, however, competent for it to regulate such appointments and, by a reclassification of the service, effect a change of grade and salary without examination or new appointment. (*Matter of Sugden* v. *Partridge*, 174 N. Y. 87; *Matter of Fay* v. *Partridge*, 174 N. Y. 526; *People ex rel. McClelland* v. *Roberts*, 148 N. Y. 360; *People ex rel. Murphy* v. *Bingham*, 130 App. Div. 112; 196 N. Y. 519.) The Constitution plainly implies that the legislature may provide other ways and methods of determining the fitness of any candidate for civil service employment in addition to the test of competitive examination. (*People ex rel. Sweet* v. *Lyman*, 157 N. Y. 368; *People ex rel. Moriarty* v. *Creelman*, 206 N. Y. 570.)

CARDOZO, J. By an amendment of the Military Law, adopted April 19, 1920 (L. 1920, ch. 282, amending Consol. Laws, ch. 36, sec. 245, subd. 7), the legislature has said that entrance into the military and naval service of the United States shall give a preference in promotion to officers and employees in the civil service of the state and of its civil subdivisions. " Any person who while

in the military or naval service took and passed such examination [*i. e.*, an examination for promotion], or any person who took and passed such examination and thereafter entered the military or naval service of the United States, shall be placed upon the eligible list of such grade, his salary shall be fixed at the medium amount prescribed for such grade and he shall be preferred for any appointment or promotion thereafter made in such grade in the department in which he shall be employed " (L. 1920, ch. 282). The act was repealed on May 10, 1920 (L. 1920, ch. 624, section 2), with the proviso that the repeal was not to impair any rights theretofore accrued thereunder. While it was in force, a vacancy existed in the rank and grade of police sergeant in the city of New York. The manner of filling that vacancy is the controversy here. One Cook, a soldier in the late war, who took a promotion examination while in the military service, is on the eligible list as No. 524. He made claim to a preference on April 27, 1920, before the statute was repealed. Other soldiers, veterans of the same war, are also among the eligible, though their comparative standing is not stated. The three names highest on the list, however, are those of men who have no record of service in army or in navy. The municipal civil service commission is about to certify three names to the police commissioner as eligible for promotion, and proposes in so doing to follow the statute and to give preference to the soldiers. The petitioners contend that the statute is unconstitutional, and that the three names to be certified for promotion are those whose standing on the list is highest. The validity of the statute is thus the question to be determined.

" Appointments and promotions in the civil service of the state, and of all the civil divisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained, so far as practicable, by examinations, which, so far as practicable, shall be competitive;

provided, however, that honorably discharged soldiers and sailors from the army and navy of the United States in the late civil war, who are citizens and residents of this state, shall be entitled to preference in appointment and promotion, without regard to their standing on any list from which such appointment or promotion may be made." This is the command of the Constitution (Art. V, sec. 9), which until changed must be obeyed. The preference which it concedes is restricted to veterans of the civil war. The statute gives or attempts to give a like preference to veterans of other wars. The restriction embodied in the Constitution was no hasty inadvertence. It was established after long debate. The convention was reminded that other wars or other emergencies might come. With this reminder it conceded one preference, and one only. Neither legislature nor court is competent to add another (*Matter of Keymer*, 148 N. Y. 219). The legislature may, indeed, say, if for reasons not merely arbitrary its judgment shall so dictate, that in one calling or another, examination is not practicable (*People ex rel. Sweet* v. *Lyman*, 157 N. Y. 368; *People ex rel. Moriarty* v. *Creelman*, 206 N. Y. 570, 575). Even when it does not say this, it may say that military or naval service (whether in the Civil War or elsewhere) is something to be counted by the examiners, like experience in other fields, whenever service or experience qualifies for office or employment. Service so considered does not override the results of competitive examination, but enters into the results as a contributory factor. A different situation arises when service controls selection irrespective of qualifying value. It is the difference between an appraisal of merit, an estimate of fitness, and a preference or bonus. The Constitution circumscribes the field of privilege and favor.

This statute is not an estimate of capacity. It is the expression of a preference. The legislature has not said that the test of competitive examination is impracticable,

no matter what the position, whenever soldiers or sailors are among the candidates for promotion. It has said, in effect, that even though the test of competitive examination be practicable, soldiers and sailors shall be eligible in advance of others. The statute was so construed at the Appellate Division, and its entire scheme and framework exclude another meaning. Mere entrance into army or navy, and that whether voluntary or involuntary, is made sufficient for preferment. Neither the kind nor the quality nor the duration of the service is important. There is not even the requirement of an honorable discharge. Service for a month or a day as cook or as hostler counts as much as service throughout the war, and the winning of a cross of honor. The preference is not confined to callings or positions where efficiency might be thought to be promoted by the discipline of camp or ship. The clerk or the bookkeeper is subjected to the same tests as the policeman or the fireman. The myriad offices and employments in the civil service of the state and of hundreds of municipal corporations, with all the countless exactions and variations of their duties, are classified as one, and governed by a single rule. If more is needed to disclose the purpose of the statute, we may find it in the repealing act (L. 1920, ch. 624), and the proviso there attached. The legislature in that act has in effect construed its own meaning, has exhibited and declared its plan. As the result of the repeal, a small class, and one arbitrarily chosen, has been clothed with special privileges. A line is drawn between veterans who went upon the eligible list before May 10, 1920, the date of the repeal, and the host of other veterans who will go upon the list hereafter. The former receive the preference which the latter are denied. No one will assert that there is any difference between these classes that makes competitive examination less practicable for the one than for the other. If practicable in the future, it was practicable in the past. If impracticable once, it is imprac-

ticable now.  The discrimination points the motive, and confirms the preference.

In determining the purpose of the lawmakers, we have gone far toward determining their power.  Neither expressly nor by implication is the statute a pronouncement that the presence of a soldier among the candidates makes competitive examination futile.  Only when the test is futile does the Constitution suffer its rejection. We do not mean to say that if such a pronouncement had been made, it would control the judgment of the courts. The duty would still be theirs, while giving efficacy to the statute within the field of legislative discretion, to exercise a supervisory judgment in circumstances of evasion or abuse (*Matter of Keymer, supra; People ex rel. Moriarty* v. *Creelman, supra; People ex rel. Schau* v. *McWilliams*, 185 N. Y. 92, 99).  It is one thing to say that heroism shall count for more than knowledge in offices and employments where heroism, more than knowledge, is the test and evidence of fitness (*People ex rel. Schelpp* v. *Knox*, 48 App. Div. 477; *People ex rel. Leary* v. *Knox*, 166 N. Y. 444).  It is another thing to say that in all the humdrum work of life, the daily routine of shop and of office, of counter and of desk, soldier and sailor, irrespective of the extent and quality of their service, must be presumed to have qualifications sufficient to advance them from the bottom to the top. The discipline of army and navy, to justify this exaltation of its significance, must bear something more than a remote or fanciful relation to the duties of office or employment.  If that were not so, there might be discrimination without measure.  Ex-legislators, and ex-officeholders generally, as well as countless other classes, might plead the discipline of the past as creating a presumption of fitness for the duties of the future.  There is no need, however, to dwell upon the consequences of an explicit declaration by the legislature that the test of competitive examination is impracticable for some

candidates though practicable for others, suitors for the same position. The statute makes no such declaration in terms, and the breadth of its extension, its undiscriminating generality, these and other features make it impossible that the declaration be implied. In such circumstances, the condemnation of the act is written in the Constitution in words too plain to be misread. Competitive examination must be the test if practicable. Competitive examination has not been found to be impracticable. The legislature has substituted a preference for a test.

We are referred to precedents in other jurisdictions where there is nothing in the Constitution to regulate the formation of the civil service (*Opinion of the Justices,* 166 Mass. 589; *Goodrich* v. *Mitchell,* 68 Kans. 765). They can have little significance for us. They show that preference of veterans is not the denial to others of the equal protection of the law. They do not show the range of preference under the Constitution of New York. Reward for military or naval service may seem to foster love of country (*Opinion of the Justices, supra*). It may be an expression of gratitude and patriotism. We have said by our Constitution that valor is not to be rewarded, nor patriotism stimulated, unless in submission to the restraints which we have imposed upon the choice of public servants (*Matter of Keymer, supra*). The mandate of the people has excluded sentiments and motives that may guide the judgment of the lawmakers in jurisdictions where discretion is unfettered. It has subordinated flexibility and discretion to regularity and system.

The argument is made, however, that the Constitution is satisfied if candidates must pass an examination before their names are entered on the list, and that if only this is done, the legislature is at liberty to shuffle the places as it will. Preferences or favored classes, it is said, may be created without limit if confined to those who pass. In that view, the eligible list in truth consists

of two lists, one primary and the other secondary, one
general and the other special.   Competition must regu-
late the one, but favor may constitute the other.   We
do not so read the simple words in which the Constitution
phrases its command.   The test is not merely examina-
tion.   The test is *competitive* examination.   Competition
is useless if favor may reverse the verdict.   Eligibility
counts for little if grades of eligibility may be established
without restriction.   Sublists may then be made up of
one political party or another.   The three lowest names
upon the list may be directed to be certified in advance
of the three highest.   The victory may go to one class,
and the prizes to another.   Nothing in *People ex rel.
Balcom* v. *Mosher* (163 N. Y. 32) is authority for these
bizarre conclusions.   We construed the civil service sec-
tion of the Constitution in the light of another section
(Art. 10, sec. 2) which says that local officers shall be
chosen by the local authorities.   We said that this
implied some privilege of selection on the part of the
public officer who was to exercise the appointing power.
The legislature might require him to make a choice
among the three highest on the list, but could not exclude
judgment altogether by restricting him to the one that
was the highest of the three.   This statute has another
aim.   It is not addressed exclusively to the power that
appoints.   It is addressed to the power that certifies
the names of those eligible for appointment.   It does not
enlarge the range of selection available to the police
commissioner in the exercise of his power to promote.
It circumscribes the list of those whom the examining
officers are to return to him as eligible for promotion.
This is not to preserve the power of the local authorities
to appoint the local officers.   It is to set at naught the
test of competitive examination while imposing new
restrictions upon freedom of appointment.   The command
of the Constitution is not obeyed by such devices.   The
proviso that permits standing to be inverted in favor of

veterans of the Civil War is significant of the prohibition that would have attached if the proviso had been omitted. Competition, as far as practicable, is the test for one list as for another, for sublist as for principal.

The members of the court are not oblivious of the debt of gratitude that is due to the soldiers and sailors of the nation for sacrifice and service. If discharge of that debt requires a preference in the civil service, the people can so declare. An amendment of the Constitution extending to veterans of all wars the privilege now enjoyed by veterans of the Civil War has been proposed by concurrent resolution of the legislature (L. 1919, vol. 2, p. 1793), and at the coming election will go before the voters. This statute as it now stands is an attempt by imperfect and hasty legislation to anticipate the process of orderly amendment. If sustained, it would benefit, not veterans generally, but a small and arbitrary number. Those who went upon the list before May 10, 1920, and whose rights had then accrued, would be entrenched behind a preference in which their own comrades in arms, going upon the list thereafter, would be incompetent to share. At the same time, in return for this dubious and partial gain, there would have been conceded to the legislature a power of discrimination that might undermine the civil service by injecting beneath its foundations an ever-widening stream of favor. Sacrifice and service will seek no reward save in conformity to law, and none other can be theirs.

The court is constrained to adjudge that chapter 282 of the statutes of 1920 ignores the limitations of the Constitution, and that the preference which it concedes is void.

The order of the Appellate Division and that of the Special Term should be reversed, with costs in all courts, and the application for a mandamus granted.

HISCOCK, Ch. J., HOGAN, POUND, CRANE and ANDREWS, JJ., concur; CHASE, J., deceased.

Order reversed, etc.