ELLEN S. BARLOW, Respondent, v. CHARLES W. BERRY, as Comptroller of the City of New York, et al., Appellants.

Constitutional law — taxpayer's action — New York city — section 288-a of charter providing for promotion to captain of police of lieutenant with specified service record unconstitutional —.choice by Legislature of substitutes for competitive examination may not be used as cover for arbitrary preference.

1. Section 288-a of the charter of the city of New York (L. 1923, ch. 778), providing " the police commissioner, in his discretion,. may promote to the rank of captain a lieutenant of police who has been a member of the force for at least thirty-five years, a lieutenant of police for at least twenty years, and has been acting captain of a precinct or squad for at least seven years, and who is on the eligible list of the civil service in existence January first, nineteen hundred and twenty-three, for promotion to the rank of captain," is an evasion of the civil service provision of the State Constitution (Art. 5, § 9) and an injunction restraining payment of salary as captain of police to one promoted thereunder is properly granted in a taxpayer's action.

2. Assuming that the Legislature has discretionary power to substitute other tests, such as experience or valor, for those of competitive examination, if there is a reasonable basis for the belief that the latter are inadquate, the choice of substitutes or equivalents may not be used as a cover for a merely arbitrary preference.

Barlow v. Craig, 217 App. Div. 744, affirmed.

(Submitted June 22, 1927; decided July 20, 1927.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 22, 1926, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

*George P. Nicholson, Corporation Counsel (Elliot S. Benedict, J. Joseph Lilly* and *Arthur Sweeny* of counsel), for appellants. The possession of qualifications for promotion by lieutenants of police prescribed by the Legis-

lature in chapter 778 of the Laws of 1923 did not constitute an arbitrary exception to the requirements of the Civil Service Law that appointments and promotions must be made from those standing highest on competitive eligible lists within four years of establishment. (*Matter of Barthelmess* v. *Cukor,* 231 N. Y. 435; *People ex rel. Schlepp* v. *Knox,* 48 App. Div. 477; *People ex rel. Leary* v. *Knox,* 166 N. Y. 444; *Hale* v. *Worstell,* 185 N. Y. 247; *People ex rel. Murphy* v. *Bingham,* 130 App. Div. 112; 196 N. Y. 519; *People ex rel. Carter* v. *Rice,* 135 N. Y. 473; *Lawson* v. *Steele,* 119 N. Y. 221; *People ex rel. Peaks* v. *Voorhis,* 243 N. Y. 420.)

*Charles G. F. Wahle* and *Loring M. Black, Jr.,* for Philip Grosback, appellant. Section 288-a of the Greater New York charter is not *prima facie* unconstitutional. (*Hermitage Co.* v. *Goldfogle,* 204 App. Div. 710; 236 N. Y. 555.) The Legislature has the power to recognize unusual experience and to add it as a qualification in favor of those on the " Eligible List " possessing it as against others thereon not similarly situated. Section 288-a of the charter is, therefore, not unconstitutional. (*Matter of Keymer,* 148 N. Y. 219; *People ex rel. Sweet* v. *Lyman,* 157 N. Y. 368; *People ex rel. Leary* v. *Knox,* 166 N. Y. 444; *People ex rel. Schelpp* v. *Knox,* 48 App. Div. 477; *Hale* v. *Worstell,* 210 App. Div. 716; 185 N. Y. 247; *People ex rel. Moriarity* v. *Creelman,* 206 N. Y. 570; *Matter of Barthelmess* v. *Cukor,* 231 N. Y. 435.)

*Albert De Roode* and *H. Eliot Kaplan* for respondent. The statute is clearly unconstitutional in so far as it purports to authorize the appointment to a competitive position of a particular individual or class of individuals without competitive examination. (*Matter of Barthelmess* v. *Cukor,* 231 N. Y. 435; *Murray* v. *Kaplan,* 206 App. Div. 202; *Hale* v. *Worstell,* 185 N. Y. 247; *Schieffelin* v. *Kelliher,* 209 N. Y. Supp. 491.) The appointment of the defendant

Grosback on December 24, 1923, after the expiration of the eligible list from which he was authorized to be appointed was illegal. (*Brown* v. *Craig*, 209 App. Div. 11.)

CARDOZO, Ch. J.   This is a taxpayer's action to restrain the Comptroller of the city of New York and other city officials from paying to the defendant Philip Grosback the salary of a captain of police.

An application for a temporary injunction, denied by the Special Term, was granted by the Appellate Division in an opinion by MARTIN, J., writing for a unanimous court (210 App. Div. 716).   Final judgment for the same relief followed.   The affirmance of that judgment is now before us for review.

On January 1, 1923, Grosback, a lieutenant of police, was No. 84 on the eligible list of the civil service for promotion to the rank of captain.   His place upon the list postponed him in advancement to many other officers who had won a higher standing.

In this situation, the Legislature on May 24, 1923, added to the New York charter a section numbered 288-a (L. 1923, ch. 778), which reads as follows:

" The police commissioner, in his discretion, may promote to the rank of captain a lieutenant of police who has been a member of the force for at least thirty-five years, a lieutenant of police for at least twenty years, and has been acting captain of a precinct or squad for at least seven years, and who is on the eligible list of the civil service in existence January first, nineteen hundred and twenty-three, for promotion to the rank of captain."

Grosback was appointed to the force in October, 1884 (thirty-nine years before the passage of the act), became a sergeant or lieutenant in January, 1901 (twenty-two years before), an acting captain in October, 1908 (fourteen years before), and on January 1, 1923, was on the list

then in existence of those eligible for promotion. He was made captain by order of the Police Commissioner under the new section of the charter.

Within the principle of our decision in *Matter of Bar-thelmess* v. *Cukor* (231 N. Y. 435) the act of 1923 (L. 1923, ch. 778) is an evasion of the civil service provisions of the Constitution of the State.

We are told that the Legislature has discretionary power to substitute certain other tests, such as experience or valor, for those of competitive examination, if there is a reasonable basis for the belief that the latter are inadequate (*People ex rel. Schelpp* v. *Knox*, 48 App. Div. 477; *People ex rel. Leary* v. *Knox*, 166 N. Y. 444). Granting that this is so, the choice of substitutes or equivalents may not be used as a cover for a merely arbitrary preference. Here, upon the face of the statute, the signs are unmistakable that a favor is to be conferred upon a single member of the force by making length of service count for him when it is to count for no one else. " The stigmata of arbitrary selection, of forced and unnatural classification," are as plain as in another case (*Matter of Mayor, etc., of New York* [*Elm Street*], 246 N. Y. 72). The act would have been more sincere, and not different in effect, if it had designated its beneficiary by name, and not by the roundabout method of a description of his record.

Nothing in that record supplies a reasonable basis for a preference so particular. Every member of the force who is to be promoted to the rank of captain must reach his promotion after going through the lower grades. This means, almost inevitably, that every member so advanced will have served a long time before arriving at the goal. To choose one time-record out of many and jump the officer who answers to it over all others on the list is to restore partisanship and favoritism, or at least the danger of those evils, in the creation of the civil service. There is no denial of the power of the Legislature to make

experience a factor in determining promotion. What is denied is the power to establish such a test for one applicant without establishing it for others in the same or like conditions. Some qualities, such as those of bravery or heroism, are unique and incommensurable (*People ex rel. Leary* v. *Knox, supra*). They refuse, like originality or genius, to stay within a class. Exceptions appropriate at such times must not be stretched to take within their shelter the merit, more pedestrian, of mere adherence to the job. These plodding virtues are not so rare that their possessors, however estimable, cannot be classified in groups. The mandate of the Constitution is that merit and fitness shall be ascertained " so far as practicable " by competitive examination (Constitution, art. V, § 9; *Matter of Barthelmess* v. *Cukor, supra; Matter of Ottinger* v. *State Civil Service Comm.*, 240 N. Y. 435). Discretion there is in determining the limits of the practicable. It is not, however, an uncontrolled discretion, but one subject to the teachings of experience and the supervision of the courts (*Matter of Ottinger, supra,* at p. 441). The range of selection must be determined by a principle of general application unless the qualities to be preferred are so unique and extraordinary as to bid defiance to classification and call for treatment by themselves. Such plainly are not the qualities that are here selected for reward.

The judgment should be affirmed with costs.

POUND, CRANE, LEHMAN and KELLOGG, JJ., concur; O'BRIEN, J., not sitting; ANDREWS, J., absent.

Judgment affirmed, etc.