Common Pleas Court of Hamilton County.

STATE, EX REL. CLARENCE L. FORD V. CECIL GAMBLE ET AL, CIVIL SERVICE COMMISSIONERS.

Decided December 15, 1930.

*Julius R. Samuels,* and *Doyle, Rust & Lytle,* for the relators.

*John D. Ellis,* for the Commission.

*William E. Handley, Nathan Vigran, Alcorn & Alcorn, Alvin H. Rowe,* for the Veterans of Foreign Wars, *amicus curiae.*

DARBY, J.

The relators in the above named actions filed petitions for writs of mandamus against the Civil Service Commissioners, based upon the following allegations:

That the relators are patrolmen of the Cincinnati Police Department, which are classified positions under the civil service rules; that the commissioners have compiled and conducted examinations of employees in the classified service of said police department; that on June 3, 1930, the said commissioners conducted and held a written "promotional examination for members of the police department holding rank of patrolmen, who had been in such service for two and a half years or more, for promotion to the rank of sergeants of police, and that said examination was for the purpose of fixing and maintaining a numerical list for the appointment and promotion of patrolmen to said rank of sergeants of police"; that fifty-seven of such patrolmen participated in said promotional examination, and that Ford received the grade of 82.56 per cent. (the other relators receiving lesser percentage as set forth in their respective petitions); that the commissioners added to the grades of sixteen of said patrolmen participating in said examination an additional credit of twenty per cent. of the grade averaged and received in said examination by reason of having served in the army

or navy of the United States during the late World War; that the commissioners certified to the superintendent of police a list of the patrolmen participating in said examination, showing all of said ex-service men with a higher grade than relators, by virtue of the addition to the grade of said ex-service men of the twenty per cent.; that the relator Ford (others making similar claims) says he is entitled to the first position in rank on the numerical list for promotion, and should have been so certified by the commissioners to the chief of police, but that notwithstanding that, his name was placed seventeenth on said promotional list.

The relators have demanded to be placed in the list in the order of their grades in said promotional examination, which has been denied solely on the ground of said twenty per cent. addition to the grade of the ex-service men. The relators pray for writs of mandamus compelling the commissioners to place their names in the position to which they are entitled, by reason of the grade averaged and received at said examination and that said commissioners certify relators to the chief of police according to their respective grades.

The respondents have not filed any pleading by way of answer or demurrer, but the case was argued to the court on the original application for a writ of mandamus.

Statutes allowing preference in the civil service to soldiers, sailors and others who have served in times of war have been held to be constitutional in many of the states of the United States: the greater number of such statutes allowing such preference in case of equality of qualification. It is not necessary to a determination of this case to pass upon the constitutionality of the statutes involved in this case, namely, Sections 486-10 to 486-15, inclusive, General Code.

The matter involved is the proper interpretation of those sections.

Relators claim that in any event the twenty per cent. added to the grade of ex-service men who receive a passing grade applies only to the case of original appointment;

while the respondents claim is that the twenty per cent. added grade relates not only to the original appointment but that upon each promotional examination from grade to grade in the police department the ex-service men would be entitled to the twenty per cent. added to their passing grade.

The situation requires a careful, proper and reasonable analysis of the sections in order to determine the legislative intent and purpose.

Section 486-10, so far as applicable provides that

"*All applications for positions and places* in the classified service shall be subject to examination which shall be public and open to all within certain limitations to be determined by the commission as to citizenship, residence, age, sex, experience, health, habits and moral character: Provided, however, that any soldier, sailor, marine, member of the army nurse corps or Red Cross Nurse who has served in the army, navy or hospital service of the United States in the war of the Rebellion, the war with Spain or the war with the central powers of Europe between the dates of April 6, 1917, and November 11, 1918, who has been honorably discharged therefrom and is a resident of Ohio, may file with the civil service commission a certificate of service and honorable discharge, whereupon he shall receive additional credit given in any regular examination in which he receives a passing grade of twenty per cent. of his grade. Such examination shall be practical in character and shall relate directly to those matters which will fairly test the worth, and capacity of the person examined to discharge the particular duties of the position for which appointment is sought, and shall when appropriate, include tests of physical qualifications, health and manual skill.

"The said commission shall have control of all examinations except as otherwise provided in this act. No questions in any examination shall relate to political or religious opinions or affiliations. Reasonable notice of the time and place and general scope of every competitive examination for appointment to a position in the civil service except as otherwise provided for in this act shall be given by the commission. * * * In case of examination limited by the commission to a district, county or city, the commission shall provide in its rules for adequate publicity of such examinations in the district, county or city within which competition is permitted."

It seems clear that the foregoing section relates to original positions and the rules by which such examinations are held.

It should be noted that examination is provided for in this clause, and also there is additional provision for a rating given to ex-service men of twenty per cent., which is a subject to be determined only after their grade is fixed upon the examination.

Section 486-12 applies to eligible lists, and is as follows:

"From the returns of the examination the commission shall prepare an eligible list of the persons whose general average standing upon such examination for such grade or class is not less than the minimum fixed by the rules of the commission and who are otherwise eligible; and such persons shall take rank upon the eligible lists as candidates in the order of their relative excellence as determined by the examination without reference to priority of time of examination. In the event of two or more applicants receiving the same mark in an examination, priority in the time of application shall determine the order in which their names shall be placed on the eligible list * * *."

This section fixes the duties of the commissioners in establishing eligible lists, and the rank upon the same is to be determined according to the provisions of the section.

Section 486-13 applies to appointment, and is as follows:

"The head of a department, officer or institution in which a position in the classified service is to be filled shall notify the commission of the fact, and the commission shall, *except as provided in Section 486-14 and 486-15 of the General Code*, certify to the appointment officer thereof the names and addresses of the three candidates standing highest on the eligible list for the class or grade to which such position belongs. * * * Every soldier, sailor, marine, member of the army nurse corps or Red Cross nurse who has served in the army, or navy, or hospital service of the United States in the war of the Rebellion, the war with Spain or the war with the central powers of Europe between the dates of April 6, 1917, and November 11, 1918, who has been honorably discharged

therefrom and is a resident of Ohio, and whose name is on the eligible list for a position, shall be entitled to preference in *original appointments* to any such competitive position in the civil service of the state and the civil divisions thereof, over all persons eligible for such appointments and standing on the list therefor with a rating equal to that of such soldier, sailor, marine, member of the army nurse corps or Red Cross nurse.

"Appointments to all positions in the classified service as herein provided *that are not filled by promotion, transfer or reduction as provided for in this act and the rules of the commission prescribed thereunder,* shall be made only from those persons whose names are certified to the appointment officer in accordance with the provisions of this act * * *. *All original and promotional appointments shall be for a probationery period not to exceed three months, to be fixed by the rules of the commission, and no appointment or promotion shall be deemed finally made until the appointee has satisfactorily served his probationery period."*

It will be observed that primarily Section 486-13 applies to original appointments and expressly excepts from said section appointments made under Section 486-14 which are temporary and exceptional appointments, and Section 486-15 which are promotional appointments, and the preference is expressly referred to as given in original appointments. While there is a statement that all original and promotional appointments are probationery in their character, the section principally has to do with original appointments.

This brings us to a consideration of Section 486-15, entitled "Promotions; examinations," which is as follows:

"Vacancies in positions in the classified list shall be filled in so far as practicable by promotions. The commission shall provide in its rules for keeping a record of efficiency for each employee in the classified service, and for making promotions in the classified service on the basis of merit, to be ascertained as far as practicable by promotional examinations, by conduct and capacity in office and by seniority in service; and shall provide that vacancies shall be filled by promotion in all cases where in the judgment of the commission it shall be for the best interests of the service so to fill such vacancies. *All examinations for promotions shall be competitive.* In

promotional examinations efficiency and seniority in service shall form a part of the maximum mark attainable in such examination. *In all cases where vacancies are to be filled by promotion the commission shall certify to the appointing authority only the name of the person having the highest rating.* The method of examination for promotions, the manner of giving notice thereof and the rules governing the same shall be in general the same as those provided for original examinations, except as otherwise provided herein."

It should be noticed that in original appointments the names of three candidates standing highest on the eligible list for the class or grade to which said position belongs are to be certified. In promotional examinations the commission shall certify to the appointing authority only the name of the person having the highest rating.

It seems quite clear that the Legislature had in mind the giving of the preference to the ex-service men in original appointments, and provided a liberal allowance of twenty per cent. added to the passing grade of such candidate, the effect of which would be that in any original examination in which an ex-service man received a passing grade of 84, by the addition thereto of the twenty per cent. of such grade, his rating would be 100.8, and he would be preferred to any and all other candidates, though they might receive 100 per cent. However, when it comes to promotions, by reason of the exception to be found in Section 486-13, and the explicit provisions of Section 486-15 as to promotions for efficiency, merit, conduct and capacity in office, and seniority in office, and the striking provisions that "All examinations for promotions shall be competitive," and that "In promotional examinations efficiency and seniority in service shall form a part of the maximum mark attainable in such examinations," and the striking fact as to the section—that is, the omission to make any reference whatever in promotional examinations to the twenty per cent. to be added to the grade of the ex-service man, makes it clear that the Legislature did not intend that

ex-service men were to have twenty per cent. each time a promotion was sought, but that it was to be limited to the original appointment.

The concluding sentence of Section 486-15 does not suggest any different intention on the part of the Legislature. What the Legislature was dealing with in that sentence is the method of examination, the manner of giving the notice, and the rules governing the examination, and it cannot be held that by the language used it was intended that after a promotional examination and the determination of the grades, there was to be added a twenty per cent. additional rating.

These laws undoubtedly are intended to and do give a preference to ex-service men. It is not necessary to say that there should be a strict construction of the same, but it can probably better be stated by saying that a preference not clearly permitted in promotional examinations, should not be included by a strained or unnatural interpretation of the law. If the Legislature has authority to pass a law as claimed by the respondents, it is a matter of policy for it to determine. What the court is determining in this case is that it has not done so, and there is nothing in the law to indicate to the court an intention to do so.

In *Barthelmess* v. *Cukor*, 231 N. Y., 435, it was held that the constitution of the state of New York allowing preferences to veterans of the Civil War limited legislation to such war, and could not be extended to include veterans of other wars.

The court is of the opinion that under the statute the proceedings in mandamus are proper to require the commission to make certifications to the appointing officers of those persons entitled to appointment by reason of their actual grade under Section 486-15.

The writs of mandamus will therefore be allowed as **prayed for.**