In the Matter of the Application of ROSEMARY SHERIDAN, for Herself and All Other Candidates to the Position of Social Investigator Who Took Examination Held on December 30, 1936, Except Those Applicants at That Time Employed by the Emergency Relief Bureau of New York City, Petitioner, against JAMES E. FINEGAN and Others, as the Municipal Civil Service Commission of New York City, and WILLIAM H. ALLEN, as Secretary to the Civil Service Commission of New York City, Respondents.

Supreme Court, Special Term, New York County, January 20, 1938.

*W. Lawrence Darrow,* for the petitioner.

*William C. Chanler, Corporation Counsel,* for the respondents.

McGEEHAN, J.   This is an application by one Rosemary Sheridan, who it is conceded took and passed an open competitive examination for the position of social investigator, for an order directing the respondent, the Municipal Civil Service Commission, to regrade the experience ratings of the  candidates who have taken and passed this examination.   It is apparent from the record that those applicants who were employed by the emergency relief bureau as social investigators received a basic rating of eighty per cent while all others not so employed received a basic rating of only seventy per cent.   Furthermore, these employees as group members were all given a credit of four per cent for the first year's experience with the ERB and all others were given a credit of only one per cent for their experience.   It further appears that the employees of the ERB who were possessed of a college degree were given an additional credit of three points, whereas non-members of the ERB were given no credit for possession of this same degree.

The appointees of the emergency relief bureau were not originally appointed as a result of a competitive examination but as a result of conditions entirely foreign to the requirements of civil service employees in the competitive class.

The respondent in its answer alleges that it possessed the power as Municipal Civil Service Commission to find and determine that the experience gained by the social investigators employed by the ERB was a *more valuable* experience for the position, upon a competitive and comparison basis, than experience gained in any private relief agency.   The commission then, as a result of such finding by it conferred these higher ratings upon ERB employees because of such alleged experience with the ERB.

The commission claims the power to proceed in this manner from two sources: (1) Its general powers to fix standards, rate experience, etc.   (2) From the Hendel Act (Laws of 1936, chap. 822; McKinney's Unconsol. Laws, § 2471) in using the specific language that in the grading of which due credit should be given for experience with the Local Emergency Relief Bureau.

The civil service commission may define the eligibility of participants in an open competitive examination. The restrictions so created must be reasonable. (*Matter of O'Callaghan* v. *Finegan*, 276 N. Y. 587, affg., without opinion, 166 Misc. 556; *Matter of Ryan* v. *Finegan*, Id. 548.)

The court regards as reasonable the action of the commission in permitting the employees of the ERB, as such, to participate in the examination at bar. Once having laid down the qualifications of persons who are to be admitted to the examination, the commission is without right or power to grade the examinees on any other than a competitive personal basis.

Preference may not be granted solely by reason of the examinee's affiliation with a class or group. (*Matter of Barthelmess* v. *Cukor*, 231 N. Y. 435, 445; *Matter of O'Callaghan* v. *Finegan*, *supra*.)

Affiliation with a class or group may equip the individual applicant with an experience in the performance of duties similar to those which he will be called upon to perform if appointed to the position for which the examination is held, and, in this respect, and in this respect alone, is this applicant, who has been a member of such a class or a group, in a more fortunate position than those who have openly competed with him in the same examination who have not theretofore been affiliated with that class or group. However, it is not for the commission to say that mere associations or membership in a group factually impregnates those members with a greater experience to perform the duties of the position for which they have been examined than all others who were not members of that group.

In each instance investigation must be made by the examiners to test the experience of the individual. There is no substitute for such competitive individual rating.

The commission claims the right to award a group of examinees, in this instance members of the ERB, a basic credit other than and above that awarded to any other examinees. It attempts to justify such an award upon the theory that it has actually established by investigation that members of the ERB, as such, are more qualified to perform the duties of social investigation than any persons who were not members of the ERB, although those latter persons may have been engaged with private agencies as social investigators. Assuming the honesty of the commission's opinion, to subscribe to such a method of evaluation of the experience of an examinee would be to set up in the commission as an administrative board the power to destroy the competitive principle. The theory of the civil service is to obtain public servants who are capable of surviving a test of fitness in which the examining power has a minimum of discretion in the determination of that fitness. Under

the spoils system the administrative power had unlimited discretion in gauging the fitness of his appointees. The competitive principle in the civil service would be reduced to no value if those who were charged with rating applicants might substitute or add their judgment to the actual rating gained by the applicant. This court will not countenance any such encroachment on the competitive principle.

If the commission were allowed to rate applicants as they here attempted to rate them the practical result would be to give preferential standing upon the subsequently promulgated eligible list of those persons who were members of the ERB without regard to the actual examination marks attained by them.

When the commission awards to each person who has been a member of the ERB at least ten points more on the experience rating than any other examinee, and also gives to ERB applicants who have college degrees an additional rating which is not given to any other applicant who likewise has a college degree, the effect is to immediately jump the standing on the subsequently promulgated open competitive list of all persons who are members of the ERB and solely because they were members of the ERB.

While this does not guarantee preference in appointment to all successful examinees who were members of the ERB, it may give preference in appointment to those of such persons who, except for such affiliation, would have gained a lower ranking than non-members of the ERB.

Considering the second source of its power, namely, the Hendel Act, it cannot be held that the language used " in the grading of which due credit shall be given for experience with the local Emergency Relief Bureau " in any way conferred upon the commission as an administrative board the power to proceed as they have in this instance. The interpretation placed upon the Hendel Act by the respondent would make this act unconstitutional under the ruling of *Matter of O'Callaghan* v. *Finegan* to the effect that higher credit for experience to the group of ERB employees cannot be granted. In the procedure here adopted the respondent has taken a step in the wrong direction. It is well established that the Civil Service Law has as its underlying principle the desire of affording everyone who has the necessary qualifications an equal opportunity of securing appointment.

There is in law only one group or class that is entitled to a preference, and that group is the one provided for in the Constitution of the State of New York, in article 5, section 6, namely, the disabled veterans. Neither the Legislature nor the municipal civil service commission can extend this preference to any other group. The motion is, therefore, granted. Settle order accordingly.