### (December 10, 1945.)

In the Matter of MALACHY G. FEENEY et al., Appellants, against VILLAGE OF Bronxville et al., Respondents.

Appeal from an order of the Supreme Court at Special Term, entered May 23, 1945, in Westchester County, which denied a motion by petitioners for an

order pursuant to article 78 of the Civil Practice Act requiring the defendants, other than defendant Thomas J. Brennan, to revoke the transfer of defendant Thomas J. Brennan to the position of Chief of the Police Force of the Village of Bronxville, and dismissed the petition.

MEMORANDUM BY THE COURT. The action taken by the Board of Trustees of the Village of Bronxville, with the consent of the State Civil Service Commission, was in conformity with section 16 of the Civil Service Law and sections 199-o and 199-p of the Village Law. It may not be said that the action of the Board of Trustees was "without rational basis and wholly arbitrary." (*Matter of Meenagh* v. *Dewey,* 286 N. Y. 292, 306–307; Cf. *People ex rel. Schau* v. *McWilliams,* 185 N. Y. 92.)

Order denying appellants' application under article 78 of the Civil Practice Act to set aside the transfer of respondent Brennan from the position of Chief of Police of the Village of Dobbs Ferry, Westchester County, to the position of Chief of Police of the Village of Bronxville, Westchester County, affirmed, without costs.

LEWIS, J. (dissenting). The respondent Brennan was transferred from the position of Chief of Police of the Village of Dobbs Ferry at a salary of $3,500 a year to the position of Chief of Police of the Village of Bronxville at a salary of $4,500 a year, an amount $1,100 higher than that paid to the prior incumbent. The answer and respondents' answering affidavits show that the transfer was made and an examination avoided because the Bronxville officials and the Westchester County Personnel Officer deemed it impracticable to ascertain the merit and fitness of candidates for the position of Bronxville Police Chief by competitive examination. The papers demonstrate, to the contrary, that such an examination was practicable. Concededly, this position was filled in 1939 through a competitive examination that had been confined to members of the Bronxville police force. Competitive examination, practicable in the past for this position, continued to be practicable. (See *Matter of Barthelmess* v. *Cukor,* 231 N. Y. 435, 442–443.) It is likewise undisputed that the merit and fitness of candidates for the similar positions of Chief of Police of the Villages of Dobbs Ferry and Mamaroneck were tested by competitive examinations. Indeed, the capacity of respondent Brennan was so ascertained in an examination held in 1944 for the position of Chief of Police of Dobbs Ferry. It is also the fact that in 1944 the Bronxville officials requested that a promotion examination be held, and the holding of such examination was announced by the State Civil Service Commission. Furthermore, section 199-o of the Village Law constitutes a legislative finding that examination was a practicable method of ascertaining the qualifications of candidates for the office of chief of police. (See *Matter of Barthelmess* v. *Cukor, supra,* p. 441; *Murray* v. *Kaplan,* 206 App. Div. 202.) Arbitrary decision that in a given case it is not practicable to ascertain merit and fitness by competitive examination may be challenged and is subject to review by the courts. (*Matter of Sloat* v. *Board of Examiners,* 274 N. Y. 367; *Kelty* v. *Kaplan,* 205 App. Div. 487.)

The record also indicates that the respondents, other than Brennan, finally avoided the holding of a promotion examination restricted to Bronxville police sergeants because they did not approve of the qualifications of one of the appellants, who, if he passed such an examination, would have been entitled to appointment by reason of a constitutionally guaranteed veteran's preference. Misgivings as to such appellant's capacity would undoubtedly have justified an expansion of the field of competition by holding an open competitive examination or a promotion examination open to all members of the department.

(*Matter of Kinnerney* v. *Municipal Civil Service Commission,* 287 N. Y. 599.) But they were insufficient justification for a conclusion that competitive examination was impracticable to test merit and fitness. (*Barlow* v. *Berry,* 245 N. Y. 500, 504.) The belief of appointing officers in particular instances that their personal knowledge of the faithfulness and capacity of a candidate for a position should prevail is one of the recognized threats to the merit system. (*Matter of Mendelson* v. *Finegan,* 168 Misc. 102, 114, affd. 278 N. Y. 568.) If the appellants did not possess the qualities required of a police chief, their defects presumably would be revealed by examination. If they had been guilty of any misconduct or had demonstrated incompetence in the performance of their duties as sergeants, such facts would undoubtedly have been reflected in their service records and attributed due weight in evaluating their fitness.

The fact that, if the field of competition were opened to persons other than police sergeants, certain eligibles would have been unable to compete because they were in the armed services, did not render examination an impracticable method of ascertaining fitness. Filling the vacant position by transfer of a stranger was as unfair to the men in service as it was to the appellants and other eligibles.

Transfers may be legally made under section 16 of the Civil Service Law and section 199-p of the Village Law. Within the limits of sound administrative discretion, transfers are permissible even where there exists an open competitive list for the position to which transfer is made. (*Matter of Bacom* v. *Conway,* 294 N. Y. 245, 253–254.) In the *Bacom* case discretion was soundly exercised, for transfer there prevented the separation from service of State employees whose positions had been discontinued. Here, " discrimination points the motive, and confirms the preference." (*Matter of Barthelmess* v. *Cukor, supra,* p. 443.) The evident, improper purpose of Brennan's transfer was to deprive appellants of the opportunity of demonstrating, through competitive examination, that contrary to the judgment of the village officials, they possessed the qualifications required of a police chief, and to prevent them from obtaining their disabled veteran's preference in the event they passed a competitive examination. Transfers may not be resorted to as a device for avoiding constitutional guaranties. (*Hale* v. *Worstell,* 185 N. Y. 247; see, also, *Matter of McNamara* v. *Holling,* 282 N. Y. 109; Collier on Civil Service, pp. 99–100.) Transfer was resorted to in this case upon the erroneous assumption that examination was not a practicable method of passing upon the qualifications of candidates for the position of Chief of Police of the Village of Bronxville. The transfer should, therefore, be set aside.

The order appealed from should be reversed on the law and the facts, and the relief prayed for in the petition should be granted to the extent of rescinding respondent Brennan's transfer and directing that respondents other than Brennan make the necessary arrangements for holding a competitive examination for the position of Chief of Police of the Village of Bronxville.

Close, P. J., Hagarty, Carswell and Adel, JJ., concur in decision; Lewis, J., dissents and votes to reverse the order on the law and the facts, and to grant the relief prayed for in the petition to the extent of rescinding respondent Brennan's transfer and directing respondents other than Brennan to arrange to hold a competitive examination for the position of Chief of Police of the Village of Bronxville, in opinion.

Order denying appellants' application under article 78 of the Civil Practice Act to set aside the transfer of respondent Brennan from the position of Chief of Police of the Village of Dobbs Ferry, Westchester County, to the position

of Chief of Police of the Village of Bronxville, Westchester County, affirmed, without costs. [185 Misc. 1.]