PEOPLE OF THE STATE OF NEW YORK ex rel. JEROME
   DOUD *v.* THE CITY OF ROCHESTER, HIRAM H. EDGER-
   TON, as Mayor of the City of Rochester, and HERBERT
   W. PIERCE, Commissioner of Public Works of the
   City of Rochester, Defendants.

(Supreme Court, Monroe County, November, 1921.)

Civil service — retirement — civil war veteran — continuous ser-
   vice — mandamus — Civil Service Law (Laws of 1921, chap.
   54), § 21-a.

   The facts stated in a petition for a writ of mandamus are
   deemed admitted in the absence of opposing affidavits.

   A statute affording protection or relief to veterans should be
   liberally construed in their favor.

   Petitioner, an honorably discharged veteran of the Civil War,
   had been continuously employed for an unbroken period of
   more than ten years in the civil service of the city of Rochester,
   N. Y., as a fireman, but such service was performed a consid-
   erable length of time before he, at the age of seventy-eight
   years, applied for retirement. *Held,* that he came within the
   terms of section 21-a of the Civil Service Law, as amended by
   chapter 54 of the Laws of 1921, and his application for a
   peremptory writ of mandamus directing the payment to him
   of an annual sum equal to one-half of the wages paid to him
   in the last year of his service will be granted.

MOTION for an order of mandamus directing defend-
ants to retire petitioner, who is a veteran, from his
empoyment by the city of Rochester and to pay to
him an annual sum equal to one-half the wages paid
to him in the last year of his employment.

H. Douglass Van Duser, for petitioner.

Chas. L. Pierce, corporation counsel (Irvin L. Gel-
ser, of counsel), for defendants.

CUNNINGHAM, J.    The defendants have not filed opposing affidavits so the facts stated in the petition are admitted.

The petitioner is an honorably discharged veteran of the Civil War.  He was in the service of the city of Rochester as a fireman continuously from the year 1863 until 1882, except during such time as he served in the United States army.  He again entered the service of the city of Rochester on October 1, 1915, being engaged in manual labor, and served until March 15, 1921, when he became incapacitated.  He immediately thereafter filed a petition with the defendants requesting his retirement on half pay, at which time he was seventy-eight years of age.

Section 21-a of the Civil Service Law, as amended by chapter 54 of the Laws of 1921, reads as follows:

" Retiring veterans of the late civil war and granting them pensions.  Every soldier, sailor or marine of the army or navy of the United States in the late civil war honorably discharged from service who shall have been employed for a continuous period of ten years or more in the civil service of the State of New York and the several cities and counties thereof and who shall have reached the age of seventy years upon his own request, or if employed in manual labor upon being incapacitated for performing manual labor, shall be retired from his employment by the State of New York and the several cities and counties thereof, and thereafter and during his life the state department or institution and the several cities and counties which employed him at the time of his retirement shall pay to him, in the same manner that the salary or wages of his former position were customarily paid to him, an annual sum equal in amount to one-half the salary or wages paid to him in the last year of his employment," etc.

Defendants oppose this application upon the ground that the statute requires that the service for a continuous period of ten years or more must have been performed immediately preceding the application for retirement.

The petitioner has been employed for a continuous period of more than ten years in the civil service of the city of Rochester but such continuous service was performed a considerable length of time before his application for retirement.

The question now arises as to whether the legislature intended that the ten years continuous period of employment might be completed at any time preceding the date of retirement. A statute affording protection or relief to veterans should be liberally construed in favor of the veterans. *Matter of Christey,* 84 Misc. Rep. 172.

The Standard Dictionary defines " continuous " as meaning: " connected, extended, or prolonged without separation or interruption of sequence, unbroken; unintermitted." The petitioner's service did continue for an unbroken period of more than ten years. The legislature did not say when the service for the continuous period should be performed, merely that it should have been performed some time before retirement. The statute does not seem to be ambiguous or uncertain so as to justify an interpretation requiring the insertion of additional words. If the defendants' construction is to be followed it is necessary to read into the statute the words " immediately preceding date of retirement." Full meaning and effect can be given to this statute and to all the words thereof without resorting to forced construction by adding to the statute a phrase which the legislature did not see fit to place therein.

Many veterans, as they approached the age of sev-

45

Supreme Court, November, 1921.    [Vol. 116.

enty, have become ill or weakened so that they could not work for a time and have been laid off for long periods. Upon regaining their health and strength they have returned to work. If such veterans, before their illness, had fulfilled all the requirements of the law as to service it is improbable that the legislature intended to deprive them of the benefits conferred by this statute.

If the relief granted to veterans is to be limited in the manner contended for by defendants the limitation should be placed in the statute by the legislature and not by the courts.

Defendants contend that, under this construction, it would be possible for a man to serve a period of ten continuous years and then to retire from service and later, when he bcame seventy years of age, to apply for a pension. This cannot be so for it is necessary that the conditions of the statute be complied with at the time of retirement. Furthermore, if the man were not in the service of the city he could not be retired from such service. It is necessary that he be in the service of the city at the time he applies for retirement.

Attention has been called to an opinion by former Attorney-General Lewis (14 State Dept. Rep. 523, 525), in which he states that he, as well as his predecessor, has held, " * * * that the ten years of service must have been continuous for a term of ten years immediately prior to the veteran's retirement." No reason for such construction is stated in the opinion.

Attorney-General Newton in construing this section of the Civil Service Law upon the question whether prior service in a county position could be counted as a portion of the ten years' service with the state said at the end of his opinion (22 State Dept. Rep. 699): " In order to be retired at the expense of the State, he

should have served a continuous period of ten years under the State government and still be in the State service at the time of applying for retirement.''

It seems to me that petitioner comes well within the terms of the statute. He is more than seventy years of age, he has served a continuous period of ten years under the city government and was still in the service of the city at the time he applied for retirement.

A peremptory mandamus order is granted commanding defendants to retire petitioner upon half pay.

Motion granted.