### STATE ex SCHMIDT v HARTER et

Ohio Appeals, 5th Dist, Stark Co

Decided May 28, 1932

Clayton Hoffman, Canton, for plaintiff in error.

Russell H. Mack, City Sol., and E. F. Shadrack, both of Canton, for defendants in error.

SHERICK, PJ.

The constitutionality of the state civil service law, or of any specific provision thereof, is not questioned by this suit. The sole matter at issue is limited to a consideration of the question whether or not the provisions of §486-10, GC, pertaining to the right of an ex-service man to an additional 20 per cent. to be added to his passing grade, shall have equal application and by reference be read into §486-15, GC, which pertains to promotional examinations within the competitive classified civil service. The matter is therefore one purely of statutory construction.

That portion of §486-10, GC (114 Ohio Laws, p. 169), necessitating our consideration, reads:

"All applicants for positions and places in the classified service shall be subject to examination which shall be public, and open to all, within certain limitations, to be determined by the commission, as to citizenship, residence, age, sex, experience, health, habit and moral character; provided, how-

ever, that any soldier, sailor, marine, member of the army nurse corps or Red Cross nurse who has served in the army, navy or hospital service of the United States in the war of the rebellion, the war with Spain, including the Philippine insurrection and the Chinese relief expedition, or from April 21, 1898 to July 4, 1902, or the war with the central powers of Europe between the dates of April 6th, 1917 and November 11th, 1918, who has been honorably discharged therefrom and is a resident of Ohio, may file with the civil service commission a certificate of service and honorable discharge, whereupon he shall receive additional credit given in the regular examination in which he receives a passing grade of twenty per cent of his total grade. Such examination shall be practical in character and shall relate directly to those matters which will fairly test the relative capacity of the person examined to discharge the particular duties of the position for which appointment is sought, and shall, when appropriate, include tests of physical qualifications, health and manual skill.

"The state commission shall have control of all examinations, except as otherwise provided in this act. No question in any examination shall relate to political or religious opinions or affiliations.

"Reasonable notice of the time and place and general scope of every competitive examination for appointment to a position in the civil service, except as otherwise provided for in this act, shall be given by the commission. * * * In case of examinations limited by the commission to a district, county or city, the commission shall provide in its rules for adequate publicity of such examinations in the district, county or city, within which competition is permitted."

Sec 486-15, GC, is as follows:

"Vacancies in positions in the classified service shall be filled in so far as practicable by promotions. The commission shall provide in its rules for keeping a record of efficiency for each employee in the classified service, and for making promotions in the classified service on the basis of merit, to be ascertained as far as practicable by promotional examinations, by conduct and capacity in office, and by seniority in service; and shall provide that vacancies shall be filled by promotion in all cases where, in the judgment of the commission, it shall be for the best interest of the service so to fill such vacancies. All examinations for promotions shall be competitive. In promotional examinations efficiency and seniority in service shall form a part of the maximum mark attainable in such examination. In all cases where vacancies are to be filled by promotion, the commission shall certify to the appointing authority only the name of the person having the highest rating. The method of examination for promotions, the manner of giving notice thereof, and the rules governing the same shall be in general the same as those provided for original examinations, except as otherwise provided herein."

A reading of these two sections clearly indicates that the first has to do only with examinations for original appointment in the classified service; and it is such an examination as is open to the public at large. The second section, however, has to do with the filling of vacancies in the classified service by promotional competitive examinations, and no other; and it must follow without question that only those of lower grade in the particular departmental classified service are eligible to take a promotional examination. We note further that the commission has a discretion in that it might limit those eligible to a particular class or position within the department. It might determine that only lieutenants are eligible, or that lieutenants and sergeants may be admitted to examinations. And we perceive that, by a limitation of the class, situations would develop where seniority would eliminate efficiency from consideration, or where an application of the 20 per cent. rule of preference to ex-service men to promotional examination would eliminate all question of seniority and efficiency.

Judge Darby, in the case of State ex Ford v Gamble, 28 N.P. (N.S.) 289, has ably considered the question propounded, and in the course of his opinion he points out that, if there were but two within the class eligible to take an examination for promotion within the department, one an ex-service man and the other a non-service man, the latter might obtain a perfect grade of 100 and the ex-service man might secure a passing grade of 84, and then, if the ex-service man should be entitled to the 20 per cent. preference provided for in §486-10, GC, for original appointment in the classified service, his final grade would be 100.8 per cent. In such an event seniority might be served, but surely merit, capacity for office, and efficiency would be sacrificed and eliminated; and, if this be true, as it would

be, beyond question, the competitive feature of any such promotional examination simply does not exist, for the matter of ex-service or non-service is all-controlling.

Sec 486-15, GC, provides for promotion within the department in so far as the same is possible. The Legislature could only have intended thereby that such be done to satisfy two reasons and purposes: First, it wisely intended to prefer and compensate a deserving public servant for his years of faithful service; and, second, it recognized merit, efficiency, and capacity for higher position in his department's service. To what end? For the best interest of the service and the public resultant benefit by selection and choice of the most efficient and meritorious man for the place.

We recognize that a military school no doubt is a hard school, which particularly fits one for many positions, and we do not minimize the sacrifices of one trained therein and the just dues that the public owe him; but we cannot be unmindful of legislative intent, and of the rule that courts should not by implication read that into the statute which is not intended to be there. Judge Cardozo, in the case of Barthelmess v Cukor, 231 N. Y. 435, 132 NE 140, 141, 16 A.L.R. 1404, in interpreting the Veterans' Preference Provision Law of his state, concluded that such a preference cannot by implication be included where it is provided that appointment "shall be made according to merit and fitness, to be ascertained, so far as practicable," by competitive examinations. The effect of a contrary holding would stifle effort in the classified service, and destroy inducement and incentive in non-service men, and thereby nullify the plain intent of the statutory reason and purpose for promotional advancement.

Much has been made of the fact that the above two sections, and other related sections, indiscriminately employ the use of the words "original," "regular," and "promotional," as applied to the word "examination"; but we are of the view that these words in and of themselves cannot be determinative of legislative intent, when the plain purpose and reason of the promotional section is clearly stated as being "on the basis of merit, to be ascertained as far as practicable by promotional examinations, by conduct and capacity in office, and by seniority in service," and that "All examinations for promotions shall be competitive" and "In promotional examinations efficiency and seniority in service shall form a part of the maximum mark attainable in such examination."

We are forcibly struck by the omission from the promotional statute of the 20 per cent. preferential feature in favor of ex-service men in the last-quoted phrase, and we are induced thereby to the conclusion that the well-recognized maxim of statutory construction, that "the expression of one thing is the exclusion of another," has direct application here.

It is further urged, however, against the relator, that the last portion of §486-15, GC, is inescapable in its direction, because it provides that "The method of examination for promotions, the manner of giving notice thereof, and the rules governing the same shall be in general the same as those provided for original examinations, except as otherwise provided herein." We are unable to adopt this strained construction.

The latter part of this section to our notion but indicates the legislative direction, in that the plan, method, and character of a promotional examination shall be "in general" like an original examination as provided in §486-10, GC. We would point out that the 20 per cent. preferential ex-service feature of the first section is in fact itself an exception to the general rule of grading contained in it. It is not the general rule under §486-10, GC, but an exception thereto. Respondents would have us read the last line of §486-15, GC, as if it read "except as otherwise provided in this chapter"; but this is not the statute's wording. It reads, "except as otherwise provided herein." The word "herein" can but refer to the section itself, and not to the chapter in which it is contained. It refers to something in the section itself, and that is to the phrase, "all examinations for promotions shall be competitive," which is qualified by the exception contained within it, and which immediately thereafter follows, in that merit as represented by "efficiency and seniority in service shall form a part of the maximum mark attainable in such examination."

Holding the proper construction of the statutes herein considered to be as indicated, it follows that the petition states a clear right to the issuance of the writ prayed for. The demurrer should have been overruled. The judgment of the Court of Common Pleas is reversed, and the cause remanded, with instructions to the trial court to overrule the demurrer and allow the writ to issue in the absence of a meritorious defense to the petition.

Writ to issue.

LEMERT, J, concurs.

MONTGOMERY, J, dissents.