In the Matter of the Application of WILLIAM MORGAN, Petitioner, for an Order of Mandamus against JOSEPH B. FORD and Others, Members of the Municipal Civil Service Commission of the City of Buffalo and Others, Respondents.

Supreme Court, Erie County, June 6, 1932.

*Ward, Flynn, Spring & Tillou* [*Martin G. Phillips* of counsel], for the petitioner.

*Charles L. Feldman* [*John E. Livermore* of counsel], for municipal civil service commission and commissioner of fire.

*Rann, Vaughan, Brown & Sturtevant* [*William S. Rann* of counsel], for Gilday, Bertsch and Pirson.

NOONAN, J. This is a petition for a mandamus order requiring the municipal civil service commission of the city of Buffalo to annul the appointments of the respondents Gilday, Bertsch and Pirson, as lieutenants in the Buffalo fire department, and to appoint the petitioner to that position.

Section 21 of the Civil Service Law (as amd. by Laws of 1930, chap. 374) provides: " In every public department and upon all public works of the state of New York and of the cities, counties, towns and villages thereof, any honorably discharged soldiers, sailors, marines or nurses of the army, navy or marine corps of the United States disabled in the actual performance of duty in any war, to an extent recognized by the United States veterans' bureau, who are citizens and residents of this state and were at the time of their entrance into the military or naval service of the United States, and whose disability exists at the time of his or her application for such appointment or promotion, shall be entitled to preference in appointment and promotion without regard to their standing on any list   *   *   *."

The petitioner claims to be entitled to a preference in promotion under this section. The facts are, briefly, these:

The petitioner is a fireman in the Buffalo fire department. He is and at all times referred to herein was a citizen and resident of this State. He was drafted into the Federal military service during the World War, served therein and was honorably discharged therefrom.

On the 21st day of February, 1931, an examination was held under the auspices of the municipal civil service commission of the city of Buffalo for promotion to the rank of lieutenant in the Buffalo fire department. The examination was taken by the petitioner and the respondents Gilday, Bertsch and Pirson, with the result that the latter in the order named ranked first, second and third, and the petitioner ranked thirty-sixth. In the petitioner's application for promotion to take the examination the following questions and answers are contained: " Q. Did you claim preference by reason of physical disability incurred in the actual performance of duty in any war?  A. Yes.  Q. If so, state the nature of the disability A. Eyes and teeth."

On February 20, 1931, the Veterans' Bureau reported to the civil service commission in respect to the petitioner, which report contained the following questions and answers: " Is claimant credited with direct war service disability?  No.  Presumptive war service disability?  No.  Diagnosis of war service disabilities? Duodenal ulcer."

A similar report was made July 7, 1931. In each of them it is

stated that the petitioner was drawing a disability allowance of twelve dollars per month. On August 17, 1931, a further report was made in which the petitioner was credited with direct war service disability, and was stated to be receiving twenty-seven dollars and fifty cents per month compensation.

In all these reports the diagnosis indicated duodenal ulcer as constituting the disability. In September and October, 1931, the petitioner, pursuant to rules of the civil service commission, was required to submit to a medical examination, including an examination by Roentgen rays for the purpose of determining the fact of disability, and the physicians who conducted the same reported that there was no evidence of duodenal ulcer. In the meantime and on June 3, 1931, the civil service commission certified the names of Gilday, Bertsch and Pirson as eligible for appointment, and Gilday received an appointment as lieutenant from the fire commissioner on June 16, 1931.

After the medical report on the petitioner's condition, which was transmitted to the commission October 7, 1931, the commission voted to disallow the petitioner's claim for preference, and subsequently the respondents Bertsch and Pirson were appointed lieutenants by the fire commissioner on November 19, 1931.

Subsequent to the examination, and on July 3, 1931, the petitioner made claim to the civil service commission for preference on account of a war service connected disability, and this is the claim referred to as having been disallowed by the commission.

Upon these facts two questions are presented: *First*, whether the petitioner is entitled to a preference as a matter of law; *second*, if not so entitled, whether the petitioner is entitled to have a trial of the question of the existence of his disability, and if so, whether an alternative order of mandamus should issue presenting that question.

Analysis of the statute shows the following conditions under which the preference exists:

1. The claimant must have been an honorably-discharged soldier, sailor, marine or nurse of the army, navy or marine corps of the United States.

2. He must have been disabled in the actual performance of duty in some war.

3. The disability must have been recognized by the United States Veterans Bureau.

4. He must be a citizen and resident of this State and must have been such at the time of his entrance into the military or naval service.

5. The disability must exist at the time of his application for appointment or promotion.

No question arises as to the fulfillment by the petitioner of all of these conditions except the second and fifth. As to those, it is contended by the respondents that the disability did not in fact exist at any time and, therefore, did not exist at the time of the petitioner's application. On behalf of the petitioner, it is claimed that by the statute the finding of the United States Veterans' Bureau is determinative of the existence of the disability, and that the reports of the bureau show that a war-connected disability existed at the time of his application and at all times thereafter. The solution of these questions requires construction of the statute. As the statute affects the service of the State and its political subdivisions, it must be given that construction, in case of doubt, which shall most effectively protect the interests of the public service.

As the statute requires the preference by the State and municipalities of persons suffering under disabilities and as such a provision has a manifest tendency to prefer for public employment the less fit over the more fit, it should be strictly construed and applied only in those cases where it is plainly applicable. Any doubtful questions of construction should be resolved in favor of the State or municipality concerned.

There are two possible constructions to be given to the words " to an extent recognized by the United States veterans' bureau." They can be construed as a requirement additional to that of an existing disability, or they can be construed as determining the existence of the disability by reference to the action of the Veterans' Bureau. The first of these constructions would require the civil service commission to determine the existence of the disability as a fact and also subject the right to a preference to a further condition that the disability should be recognized by the Veterans' Bureau. The second construction would make the action of the Veterans' Bureau decisive of the existence of the disability, leaving nothing for the civil service commission to determine except the question as to whether the Veterans' Bureau had in fact determined that disability existed and whether it existed at the time of the application for promotion.

In my opinion, the language of the statute requires the first of these two constructions. It does not provide that a preference shall be given to veterans who shall have been determined by the Veterans' Bureau to be disabled, but only to those who are disabled. The addition of the words " to an extent recognized by the United States veterans' bureau " does not purport to make that recognition

conclusive as to the existence of the disability, but seems intended as a limitation upon the extent of the disability which shall entitle the claimant to a preference, so that its meaning is that not every disability shall have that result, but only disabilities of such character and extent as are recognized by the Veterans' Bureau.

The other construction would have the effect of substituting the United States Veterans' Bureau in the place of an official acting under authority of the State of New York for the determination of an important question of fact by which the matter of preference in the employment of the State and its municipalities would be decided. If such a substitution can be effected at all, it should be done by language not open to any other construction, which is not the present case.

Probably because of the recent passage of the statute quoted above, there is a dearth of authority thereunder. The provision is referred to in the decisions in *Silverman* v. *Kaplan* (N. Y. L. J. April 2, 1931); *Matter of Metzger* v. *Healy* (Id. April 8, 1931), and *Gormally* v. *State Civil Service Commission* (decided at the Albany County Special Term, July 11, 1931). The *Metzger* case was affirmed without opinion in 233 Appellate Division, 834. In each of these cases an alternative mandamus order was granted. It does not appear in any of the cases what precise grounds were relied upon in deciding them. It follows, however, from the fact that peremptory orders were not granted, that the court in each case must have reached the conclusion that the statute does not require the granting of preference as a matter of law upon a mere showing of action of the Veterans' Bureau recognizing the existence of a disability, and this tends to support the conclusion reached above that the existence of the disability is a fact to be determined by the Commission independently of the action of the Veterans' Bureau.

The question remains as to whether the petitioner is entitled to an alternative order for the purpose of determining whether, upon the facts, he is entitled to the preference created by the statute. Section 21 of the Civil Service Law provides that the claimant shall have "a remedy by mandamus for righting the wrong." This provision is not new, but is carried from the pre-existing act. Doubtless in case of a clear violation of a legal right, mandamus would have been a proper remedy, at least to the extent of requiring the civil service commission to certify the name of the applicant in its proper place upon the eligible list, even if there were no express provision made in the statute for mandamus proceedings. Where, however, as in the present case, the position claimed by the applicant has been filled by another appointment, mandamus would not be the proper remedy

but rather proceedings in the nature of quo warranto. The inclusion of the remedy by mandamus in the statute has altered this rule, and if the other grounds for that remedy exist, the fact that it is used to try title to an officer under the Civil Service Law is no longer a sound objection. (*People ex rel. Mesick* v. *Scannell*, 63 App. Div. 243.)

The petitioner seeks to have the determination of the civil service commission that no disability existed reviewed by this proceeding. Ordinarily where the decision of a subordinate body can be reviewed by the courts, the proper remedy to obtain such a review is certiorari, and mandamus is only applicable to compel the performance of executive or ministerial functions. It can also be used to compel the exercise of judicial functions, but not to control the manner of their exercise. (*People ex rel. Francis* v. *Common Council*, 78 N. Y. 33.)

The Court of Appeals in *People ex rel. Schau* v. *McWilliams* (185 N. Y. 92) overruled its own previous decision in *People ex rel. Sims* v. *Collier* (175 N. Y. 196), in which it had been held that certiorari was the proper remedy to review the determination of a civil service commission, because experience had demonstrated that under the remedy by certiorari, the court was being required to substitute itself in place of the civil service commission and review its decisions upon controverted questions of fact which, it held, was not the proper function of the court. If the petition showed that some question of fact was involved which would be decisive of the right to a preference and which had not been before the civil service commission nor passed upon by it, a case for an alternative order might be made out, but such is not the situation. The petitioner's claim is, that he is entitled to have the court review the very question that the civil service commission passed upon, and that is not the function of mandamus. (*People ex rel. Caridi* v. *Creelman*, 150 App. Div. 746; *Matter of Allaire* v. *Knox*, 62 id. 29; affd., 168 N. Y. 642.)

If the Legislature had intended that the decisions of the civil service commission upon issues of fact should be subjected to re-examination by the court, it is to be assumed that the appropriate proceeding, namely, that by certiorari, would have been provided instead of the much more limited remedy afforded by mandamus, especially in view of the pronouncements of the Court of Appeals referred to above.

The powers of the courts upon mandamus proceedings have been carefully defined in numerous decisions and they do not include the review of matters of fact passed upon by the inferior tribunal. If the Legislature had intended to modify the remedy by mandamus

so as to make it substantially the equivalent of certiorari, it is to be presumed that the Legislature would have so declared in the act. The objection that the provision is unnecessary unless it be given the construction for which the petitioner contends, is met by consideration of the fact that where the preference has been denied and another applicant appointed to the position, mandamus would not lie were it not for the statute, so that the statutory provision can be and has been given meaning and effect without the extraordinary extension of the functions of mandamus which is claimed by the petitioner.

The petition herein is dismissed, without costs, and an order may be entered accordingly.