In the Matter of the Application of HENRY A. WITTEKIND, Battalion Chief, JAMES M. McMAHON, Captain, EDWARD C. BELSKY, Lieutenant, and FRANCIS B. MARTIN, Fireman, of the Fire Department of the City of New York, Individually on Their Own Behalf, and Also on Behalf of Two Thousand (2,000) Members of Various Grades of the Uniformed Force of the Fire Department of the City of New York, Who Have Petitioned the Defendant, CIVIL SERVICE COMMISSION, and Who Are Similarly Situated and United in Interest with the Specified Petitioners, Petitioners, for an Order under Article 78, Civil Practice Act, against PAUL J. KERN, President, and Others, Commissioners, Constituting the Municipal Civil Service Commission for the City of New York, JOHN J. McELLIGOTT, Fire Chief and Fire Commissioner of the City of New York, and CITY OF NEW YORK, Defendants. WILLIAM F. McDONALD and FRANK RUBINO, Intervenors.*

Supreme Court, Special Term, New York County, December 22, 1938.

* Affd., 256 App. Div. ——.

*Albert De Roode,* for the petitioners.

*William C. Chanler, Corporation Counsel [Samuel J. Silverman* of counsel], for the defendants.

*Francis J. McCaffrey, Jr.,* for William F. McDonald, intervenor.

*Gabriel Rubino,* for Frank Rubino, intervenor.

McLAUGHLIN, J. This is an application under article 78 of the Civil Practice Act for an order directing the municipal civil service commission not to certify and directing the fire commissioner not to appoint from any such certification persons who have failed in a promotion examination and who were not on the promotion list prior to October 5, 1938. Subdivision 3 of section XII of rule V of the municipal civil service commission required that every candidate in order to be eligible for promotion had to receive a general average of not less than eighty per cent. Examinations were held and those who received a general average of eighty per cent or more were placed upon the promotion lists. It appears that the list is insufficient to take care of the needs of the fire department, and, therefore, on October 25, 1938, the State Civil Service Commission approved a resolution adopted by the municipal civil service commission on September 28, 1938, which resolution, in effect, added to the names already on the list those who had received a passing mark on record and seniority and also on the written test, but who had failed to attain a general average of eighty per cent.

The question presented for determination involves the power of the civil service commission to add (by a change in the rule) names to a competitive list after the promulgation of that list, where the persons whose names were so added had failed in the

examination according to the standards set up by the commission. The petitioners do not question the right of the commission to amend the rule requiring an eighty per cent general average in so far as it applies to future examinations. They urge that the list when published is a final eligible list and that the municipal civil service commission has no power to add the names of those who failed in the test prescribed by the commission itself. In this proceeding the petitioner's claim is well taken and is in accord not only with the spirit of the Constitution with regard to competitive civil service, but also with the doctrines laid down by our higher courts.

We are faced with the fact that these men definitely failed in the examination. It is illogical to say that they failed in 1937, but by a revitalizing process of a new rule passed in October, 1938. Ordinarily the determination of a civil service commission establishing an eligible list for promotion should not be disturbed by any one, including that commission itself, except to correct errors. No fraud is present in this case and no error on the part of the commission in 1937 at the time of the promulgation of the list is claimed. It is, therefore, quite apparent that this list should not be interfered with by the commission. (*People ex rel. Finnegan* v. *McBride*, 226 N. Y. 252.) There the court (at p. 260) said: " The clear legal duty of the commission, having once established the list, was to continue it in existence as a single list for the period fixed by law, or by rule having the force of law."

The rules of the civil service commission have the binding force of a statute and, therefore, the force of law. (*Carmody* v. *City of Mount Vernon*, 3 App. Div. 347.) There was nothing improper in the original rule fixing the requirement of an eighty per cent general average in order to have an applicant placed on the promotion list. That was notice not only to those who took the examination, but to the world at large that this examination was to be determined on the basis of an eighty per cent average. That is the law of this case, and is binding on the commission as well as every one else. When the commission attempted to change that law they violated article V, section 6, of the Constitution of the State of New York as to competitive examinations and they gave promotion rights to those who were not entitled to them, at the same time depriving others of the right to take part in a competitive examination called for by the Constitution. In other words, a failure in an examination cannot subsequently be made a success so as to interfere with the rights of others eligible to take the examination.

The mere fact that it would be convenient to appoint these men who had already failed is no reason to change their status and make them successful candidates. Again, the existence of the so-called emergency which made it necessary to meet the requirements of the newly-created three-platoon system, does not constitute a sufficient reason for promoting candidates who had failed in the necessary requirements. The mere fiat of a commission cannot make these candidates successful when, in fact, they had not been successful.

Two cases have been cited (*Matter of Brady* v. *Finegan*, 269 N. Y. 571; *Matter of Allen* v. *Finegan*, 254 App. Div. 858) showing that the commission may change its rules before the markings have been finished, but there appears to be no authority in any court which holds that after it promulgates a rule and publishes a list of those successfully passing a competitive examination, the commission may add to that list the names of those who had previously failed to pass the examination.

There is no merit to the claim that the petitioners here do not have the right to bring this proceeding. (*Matter of Andresen* v. *Rice*, 277 N. Y. 271.) Motion is granted. Settle order.