In the Matter of the Application of EDWARD M. F. CONWAY, Petitioner, against JOHN J. McELLIGOTT, as Fire Chief and Commissioner of the Fire Department of the City of New York, Respondent.*

Supreme Court, Special Term, New York County, October 11, 1939.

*Field & Field* [*Reginald Field* of counsel], for the petitioner.

*William C. Chanler, Corporation Counsel* [*Jeremiah M. Evarts* of counsel], for the respondent.

MILLER, J. The respondent seeks to justify his action in attempting to revoke the promotion of the petitioner on two grounds: (1) That under the provisions of section 6 of article 5 of the Constitution of the State of New York a disabled veteran is entitled to preference in promotion only upon his first promotion in rank or grade after induction into the civil service of the city or State, and (2) that by failing to claim a preference in promotion to the position of lieutenant of the fire department at the time his name appeared on the promotion list for said position the petitioner waived any right to a preference which he might otherwise possess

* Affd., 258 App. Div. ——.

in connection with the filling of the position of deputy chief. In the court's opinion the action of the fire commissioner may not be upheld on either of these grounds. The constitutional provision conferring the right to a preference in " appointment and promotion " upon a disabled veteran is not restricted in the case of promotion to the first promotion in rank or grade after induction into the service. Section 21 of the Civil Service Law, which was enacted to carry the constitutional provision into effect, provides for a preference " on any list from which such appointment or promotion may be made to all competitive and non-competitive positions." No authority in support of the respondent's construction of the Constitution is submitted.

The claim that petitioner's failure to claim a preference at the time of his promotion to the position of lieutenant constitutes a waiver of his right to claim a preference in connection with the filling of the position of deputy chief appears to be unreasonable and is likewise without authority to support it. The case relied upon by respondent, viz., *People ex rel. Dixon* v. *Simonson* (64 App. Div. 312), is clearly distinguishable. There the veteran waited until after the appointing power had dismissed him from his position before he gave notice of the fact that he claimed a preference, and it was accordingly held that he had waived his right to the preference.

The motion is accordingly granted, as is the supplemental motion to strike out the defenses as insufficient in law and for incidental relief. Settle order.