In the Matter of WILLIAM P. FLAHERTY, Appellant, against HARRY W. MARSH et al., Constituting the Municipal Civil Service Commission of the City of New York, Respondents.

First Department, November 17, 1944.

*Milton Adler* of counsel (*Joseph F. Ryan,* attorney), for appellant.

*Morris Shapiro* of counsel (*Ignatius M. Wilkinson, Corporation Counsel*), for respondents.

COHN, J.   Petitioner is a lieutenant in the uniformed force of the Police Department of the City of New York.   In July, 1942, he competed in a promotion examination for the position of captain conducted by defendants, members of the Municipal Civil Service Commission of the City of New York.   For the branch of the examination entitled " Record and Seniority " petitioner sought a credit of .1.5% granted candidates for " Participation in battle."   If his claim had been approved his grade would have been increased to a passing mark and he would have been entitled to placement on the eligible list.   Upon its rejection, he applied by letter in February, 1943, for a rerating of his marks so as to include the war service credit theretofore denied him.   This request, after consideration, was refused by the Commission on May 5th of that year upon the ground that such credit could be awarded only upon the first successful promotion examination.

Thereafter the Special Term, upon a reargument of an application to compel defendants to grant the war service allowance and to rerate his grade so as to place him upon the eligible list, dismissed the proceeding for the reason that a decision of the court rendered in 1938 barred petitioner's claim for relief.   From each of the two orders denying petitioner's application, these appeals are taken.

In September, 1917, petitioner at the age of eighteen enlisted in the United States Army Engineers. He was engaged in active service overseas until the signing of the armistice. Through inadvertence, no entry of his two battle engagements was made on his discharge papers. In 1921, he was duly appointed a patrolman in the Police Department. Six years later, he filed an application for a promotion examination to the position of sergeant. In answering the question which called for a statement as to petitioner's " Participation in battle (as shown on discharge)", he wrote " None ". This answer was correct because his discharge certificate contained no record of battle engagements. Petitioner passed the examination and was thereafter promoted to the rank of sergeant. An application for the promotion examination of lieutenant was filed by him in 1934. The Commission's method of rating record and seniority governing that examination allowed a credit of 1.5% for battle participation. Petitioner made a claim therefor upon the authority of an amended discharge certificate showing his honorable service. Defendants ruled that because petitioner had failed to set forth such claim in his promotion examination for sergeant, he was precluded from asserting it at any time in the future and accordingly disallowed the credit.

To compel the Municipal Civil Service Commission to issue the aforesaid credit in his examination for lieutenant, petitioner instituted a proceeding in the Supreme Court, in the year 1938. As there had been a lapse of over a year and a half from the time his request for such credit had been refused up to the time of the commencement of the proceeding, the Special Term denied petitioner's application for inexcusable laches, but in its memorandum opinion also stated that the rules of the Municipal Civil Service Commission prevented him from receiving the credit claimed. Successful in the examination, petitioner received promotion to the rank of lieutenant. In the examination for captain, battle participation credit was again denied him.

There appears to be no dispute that petitioner participated in battle as he claims and that he had not received credit for this war service in his promotion examination for sergeant or lieutenant; nor is it disputed that if he were to receive credit in this examination for such participation, his name should be inscribed on the eligible list for captain.

Defendants contend that the Rules and Regulations of the Commission preclude the award of additional war service credit; that the prior proceeding had in 1938 is *res judicata*

and that the present proceeding was not instituted within the four month statutory period prescribed by section 1286 of the Civil Practice Act.

The Rules and Regulations of the Municipal Civil Service Commission do not constitute a bar to the granting of the war service credit. On the contrary, we think that a fair interpretation of pertinent statutes and of the rules of defendants fully sustains petitioner's claim. The Civil Service Law (§ 16-b, as added by L. 1924, ch. 632) reads: " In all examinations for promotion in any branch of the civil service, state, county, or municipal, honorable service in the United State(s) army, navy, marine corps or army nurse corps in times of war may be credited under the subjects ' record and seniority,' ' training ' or ' experience,' the scale of points or credits to be allowed to be determined by the civil service commission or board in charge of such examination." The New York City Administrative Code (ch. 18, § 434a-13.0, formerly § 288 of the Greater New York Charter) provides: " Individual acts of personal bravery or honorable service in the United States army, navy, marine corps or army nurse corps in times of war may be treated as an element of meritorious service in such examination, the relative rating therefor to be fixed by the municipal civil service commission. The commissioner shall transmit to such commission in advance of such examination the complete record of each candidate for promotion." Pursuant to these statutes, regulations adopted by the Municipal Civil Service Commission command that added points for honorable service in the United States Army are to be allowed on the record and seniority paper (Regulation III, § IX, pars. 37, 38 of the Rules of the Municipal Civil Service Commission, City of New York), subject to the condition that " Credit will be given in one examination only as in the case of official awards." (par. 41.)

Defendants argue that rule V, section XII, paragraph 1, of the Rules of the Municipal Civil Service Commission restricts the award of credit for war service to the first promotion examination taken. The rule states: " In examinations for promotion to positions in the Police Service  *  *  *  the service record shall be a continuation of the last record furnished in cases where the candidate has obtained a promotion as the result of a promotion examination;  *  *  *  ".

This wording, we think, is vague and indefinite. While the Rules of the Municipal Civil Service Commission have the force and effect of law (Civil Service Law, §§ 6, 8; *Matter of Poss v. Kern*, 263 App. Div. 320; *Matter of Woods v. Finegan*. 246

App. Div. 271, 272; *Matter of Wittekind* v. *Kern,* 170 Misc. 939, affd. 256 App. Div. 918, affd. 281 N. Y. 701), to be valid and binding they should be couched in plain and unambiguous language.

Defendants construe the quoted language to mean that petitioner's service record as established at his first promotion examination, to wit, that for the rank of sergeant, is to be continued for all future promotion examinations in which he participates. We find ourselves unable to accept defendants' interpretation of the rule. Whether the term " service record " includes the record of an applicant as reflected by his service in the Police Department alone or whether it is intended to embrace meritorious war service performed outside the Department is not at all clear. Moreover, it is evident that the Municipal Civil Service Commission did not construe its own rule as it now asserts it should be understood. The announcement of the captain's examination which was limited to candidates who held the rank of lieutenant, contained the statement that credit for battle participation will be given in one successful examination only. If the rule meant what defendants contend it does, namely, that credit for battle participation is to be allowed solely in the *first* successful promotion examination, the statement as to credits for war service in the announcement for the captain's examination would be meaningless, for the captain's examination was limited to those who had previously been promoted to the rank of lieutenant which in turn was a rank only to be won by promotion examination.

Were it the intention of the Municipal Civil Service Commission to restrict credit for battle participation to the *first* promotion examination, it would have been a simple matter to adopt such a rule by the use of appropriate language. This was not done. Upon the preliminary announcement of each of the three promotion examinations taken by petitioner, there is no suggestion that credit would only be allowed for the *first* successful examination. Instead, in each instance there appeared the legend: " credit [for battle participation] given in one successful examination only." Nowhere in the announcements for any of the promotion examinations in which petitioner participated do we find the slightest intimation that battle participation credit was to be confined to the first successful promotion examination. The limitation that " Credit will be given in one examination only as in the case of official awards " does not aid defendants. Official awards for the Police Department, it would seem, are credited only once, but certainly are not limited to the

first promotion examination taken. We may take judicial notice of the fact that official awards of the Police Department are granted for meritorious conduct occurring after the initial promotion examination and hence would have to be allowed upon the first promotion examination taken after the award is received.

The statute and rules of the Commission should be liberally construed in favor of veterans to give full force and effect to the manifest legislative intent to prefer veterans in promotion examinations for honorable service in the armed forces during times of war. That should be and is the public policy of this State. (Civil Service Law, § 16-b; *Matter of Tierney* v. *Wynne*, 209 App. Div. 401, 406; *People ex rel. Doud* v. *City of Rochester*, 116 Misc. 703, 705, CUNNINGHAM, J.) " When a policeman or a soldier has by his conduct earned the promotion or the reward, he ought not to be deprived of the benefits by any narrow or literal construction of the law governing the case." (*People ex rel. Leary* v. *Knox*, 166 N. Y. 444, 447.) Up to the time petitioner had taken the examination for captain he had not been given credit for battle participation in any promotion examination. We perceive no good reason why such credit should be withheld now.

We do not concur in the view that because petitioner failed to claim credit for his battle service in the first promotion examination he thereby abandoned and waived the right to make such a claim at a later time. (*Matter of Conway* v. *McElligott*, 172 Misc. 774, affd. 258 App. Div. 873, affd. 282 N. Y. 779; *Davison* v. *Klaess*, 280 N. Y. 252, 261.)

With respect to the contention that the determination in the proceeding conducted in 1938 is *res judicata*, we hold that there was no prior determination by the court that petitioner's claim to credit for battle participation was denied on the merits. It is well settled that a fact, once decided in an earlier litigation, is conclusively established between the parties in any later suit, provided it was necessary to the result in the first suit. (*Southern Pacific Railr'd* v. *United States*, 168 U. S. 1, 48; *Donahue* v. *New York Life Ins. Co.*, 259 N. Y. 98, 102.) As the basis of the previous determination was petitioner's laches, it was unnecessary to decide whether the petitioner was otherwise entitled to the relief. " The estoppel is limited in such circumstances to the point actually determined." (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304, 307; see, also, *Good Health Dairy Products Corp.* v. *Emery*, 275 N. Y. 14, 18.)

As to the argument that this proceeding was not brought within the four-month statutory period prescribed by section 1286, we agree with the determination of the Special Term upon the application for reargument to the effect that the determination appealed from was made in May, 1943, and that this proceeding instituted the following month was within the four month period.

We rule that in the circumstances of this case, the action of defendants in withholding credit for battle participation from petitioner upon his application for the position of captain was arbitrary and contrary to law. The orders appealed from should accordingly be reversed, with twenty dollars costs and disbursements, and defendants should be directed to grant petitioner the additional credit of 1.5% in the examination for the position of captain in the Police Department and to place his name on the eligible list for that position.

MARTIN, P. J., GLENNON and CALLAHAN, JJ., concur; TOWNLEY, J., dissents and votes to affirm.

Orders reversed, with twenty dollars costs and disbursements, and defendants directed to grant petitioner the additional credit of 1.5% in the examination for the position of captain in the Police Department and to place him on the eligible list for that position. Settle order on notice.