203 P.2d 872

**PARRACK et al. v. FORD et al.**

**No. 5113.**

Supreme Court of Arizona.

March 7, 1949.

Darrell R. Parker, of Phoenix, for appellants.

Jack Choisser, City Atty. and Howard W. Gibbons, Asst. City Atty., both of Phoenix, for appellees.

DE CONCINI, Justice.

The sole question presented by this appeal is whether an ex-serviceman under the terms of our law is entitled to a veteran's 5% preference rating on a promotional examination.

This action against the Civil Service Board of the City of Phoenix and two individual members of the Phoenix Fire Department, as representatives of veterans in the department, and the City of Phoenix, was brought by three nonveteran members of the fire department, seeking a declaratory judgment to determine their rights and status under section 2, chapter 14, Laws of 1941, Regular Session.

Plaintiffs are nonveterans who on September 5, 1945, took promotional examination No. 402 for the position of engineer in the fire department. They qualified and were placed upon the eligible list for ensuing two-year period. This list was still in effect when the present action was instituted. Thereafter, on April 3, 1947, appellees Echols and Guthrie and fourteen other veterans all of whom had theretofore

been members of the Phoenix Fire Department were permitted to take the same examination, and by virtue of the fact that they were veterans of the armed services of the United States, were given an additional 5% over and above their earned grade. All of them were enabled thereby to be placed ahead of the plaintiffs who were nonveterans. Consequently, plaintiffs were deprived of promotion to the position of engineer, which, but for the giving of the veteran's preference to the others, they would have received.

This examination was a promotional examination and all parties taking it were theretofore regularly appointed members of the fire department under the merit system.

Chapter 14, section 2, Laws of 1941, known as 16-2702, Arizona Code Annotated, 1939, provides as follows: *"Veterans' Examination Preference.*—Any veteran of the army, navy or marine corps of the United States, holding an honorable discharge therefrom, who served therein during time of war, and who takes *an examination pursuant to an application for employment* by any city, town, county, or other political subdivision under a merit system of employment described in section 1, shall, in the determination of his final rating on the examination, be given a preference of five per cent over persons who are not veterans, to be added to the grade earned by him, but only in the event he earns a passing grade without the preference." (Emphasis supplied.)

Said section 16-2702 was amended by the legislature, 1947, 2nd S. S., chapter 30, section 2, to read in part as follows: *"Veteran preference.*—(a) Any veteran of the army, navy or marine corps of the United States, holding an honorable discharge therefrom and who served therein during time of war, who takes *any examination* pursuant to an application for employment by the state, * * *." (Emphasis supplied.)

Appellees, defendants below, rely on the underlined portion of the statute above, in that the words "any examination" mean "each, every, and all," 3 Words and Phrases, Perm.Ed., page 530 et seq., and therefore apply to both entrance and promotional examinations. When appellants took their examination the statute read *"an examination"* instead of *"any examination."* Nevertheless the court will decide this case in the light of both statutes.

Appellants agree that the statutory preference for veterans applies to all entrance examinations but not to promotional examinations, their contention being that the words of the statute "pursuant to an application for employment" can apply only to those seeking initial employment and not those already employed and who are seeking promotion.

The rule of statutory construction is where the language of a statute is plain and unambiguous, the courts are bound to give effect to the ordinary meaning of that language. State v. Borah, 51 Ariz 318, 76 P.2d 757, 115 A.L.R. 254; State v. Angle, 54 Ariz. 13, 91 P.2d 705; Peterson

v. Central Arizona Light & Power Co., 56 Ariz. 231, 107 P.2d 205; Parker v. Walgreen Drug Co., 63 Ariz. 374, 162 P.2d 427.

We believe that the language "pursuant to an application for employment" in the ordinary sense would mean that it referred to those who are seeking employment with the political subdivision and not those already employed and seeking promotion.

 Appellees in support of their position cite section 1, Rule VII of Civil Service Rules and Regulations of the Civil Service Board of the City of Phoenix to the effect that in some cases promotional examinations are indistinguishable from entrance examinations. The power of the Civil Service Board to make rules and regulations is limited to such rules and regulations as are necessary to efficiently carry into effect the provisions of the law as written and to accomplish its purposes. Any rule or regulation going beyond this limitation is void. Strictly speaking an entrance examination is one given to persons seeking employment for the first time; a promotional examination is one given to persons already employed who desire a better position in their same department. The fact that an examination entitled "promotional examination" is given to some persons in the employ of the city and also to veterans *not* in the employ of the city would not preclude the latter from the 5% preference, because as to them it is an entrance examination no matter what it is labeled.

█ There are two different theories of statutory construction contended for in this case. Appellants rely on the doctrine that all doubts in the grant of a special privilege should be strictly construed against those who claim it. Morgan v. Ford, 143 Misc. 887, 257 N.Y.S. 684. Appellees rely on the proposition that legislation intending to prefer veterans in civil service should be liberally construed in favor of such veterans. Flaherty v. Marsh, 268 App.Div. 380, 51 N.Y.S.2d 145; Kay v. General Cable Corp., 3 Cir., 144 F.2d 653; Feore v. North Shore Bus Co., D.C., 68 F.Supp. 1014. We believe the former doctrine should prevail.

"* * * Any doubtful questions of construction should be resolved in favor of the state or municipality concerned. * * *" Morgan v. Ford, supra [143 Misc. 887, 257 N.Y.S. 687].

"Ex-service man is not entitled to additional 20 per cent on passing grade in examination for promotion in classified civil service. Court should not read into statute by implication what is not intended to be there." State ex rel. Schmidt v. Harter, 43 Ohio App. 503, 183 N.E. 389.

"The tendency is to restrict to original appointment unless the statute expressly or by strong implication extends it to promotion." Civil Service Law by Oliver P. Field, 1939.

We cannot read into the statute that preference was intended on promotional examinations.

The legislature determined that the public interest would not suffer by giving returning veterans a 5% preference on taking any examination pursuant to an application for employment, which we deem to mean an entrance examination. The 5% addition on the grade of a returning veteran in a competitive examination is not an unreasonable advantage. Many states allow as much as 10% and one state allows 20%. However, the attitude in other states has been that after a veteran has secured employment he is on equal footing with others similarly employed and should no longer need or be entitled to preference over other employees. The public interest could well be adversely affected by a continual promotion of less fit persons on the public pay roll by granting preference of even 5% on promotional examinations; therefore the Civil Service Commission should cease such practice because it does not have the right to grant such preference in absence of direct authority by the statute.

It is the judgment of this court that the statute should have been interpreted to mean that the veteran employee is not entitled to any preference grading on promotional examinations.

The judgment is reversed with directions to enter a judgment in accordance with the principles herein enunciated.

LaPRADE, C. J., and UDALL, STANFORD and PHELPS, JJ., concur.