73 Ariz. 261 (1952)
240 P.2d 534
In re GILBERT'S ESTATE.
STATE
v.
GILBERT.
No. 5598.
Supreme Court of Arizona.
February 11, 1952.
*262 Fred O. Wilson, Atty. Gen. and Kent A. Blake, Asst. Atty. Gen., for appellant.
Neil C. Clark, of Phoenix, for appellee.
UDALL, Chief Justice.
The question presented on this appeal involves a matter of statutory construction. The state of Arizona has appealed from the denial of its petition requesting the lower court to enter an order directing William K. Gilbert, as executor of the estate of Anna K. Gilbert, to pay the balance of its claim against the decedent's estate amounting to $755.15.
The statute in question was adopted by the seventh special session of the Eighteenth Legislature, which amended section 70-205, A.C.A. 1939 (so far as material), to read as follows: "1. Claim against the estate. Upon the death of any recipient of old age assistance the state of Arizona shall have a claim against his estate for the total amount of assistance paid to such recipient subsequent to the effective date of this act, which claim shall be that of a general creditor. Provided, however, that no claim shall be filed against the estate of any recipient leaving a surviving spouse, a minor child, or any unmarried mentally handicapped child who is not confined in any public institution. Provided further, that no claim shall be filed against the first one thousand dollars [$1,000.00] valuation of any estate as valued by the inventory and appraisement in the probate of said estate." (Emphasis supplied.)
From the effective date of this section (October 26, 1948) until the date of her death (January 10, 1951) the recipient, Anna K. Gilbert, now deceased, received $1580 in grants of old age assistance.
William K. Gilbert was duly appointed as executor of the estate and pursuant to the statute the state presented its claim against the estate for the last-named amount. There was no surviving spouse, minor child or unmarried mentally handicapped child, and the estate was valued at $3,300. The claim was allowed by the executor and approved by the court but according to the view of the executor only $824.85 was available for its payment after all deductions and preferred claims were subtracted. It should be noted that there were no other general creditors.
The state assigns as error the denial of its petition for the reason that: "A creditor's claim properly filed by the state of Arizona pursuant to Section 70-205 must be paid in full when the appraised value of the estate, after deducting $1,000.00, exceeds the amount of the claim."
*263 It is conceded that this proposition must stand or fall depending upon the construction given section 70-205, supra. The appellant contends that the law is ambiguous and therefore the court should apply the following rules of construction laid down in Parrack v. Ford, 68 Ariz. 205, 203 P.2d 872: (1) any doubtful questions of construction should be resolved in favor of the state or municipality concerned; (2) all doubts in the grant of special privilege should be strictly construed against those who claim it.
The attorney general in behalf of the state advances several proposed constructions to be given the statute but maintains the most logical one to be that given above. If we understand this construction the state is ignoring the plain provision of the section providing "which claim shall be that of a general creditor". The Legislature limited the state's claim to that of a general creditor, thereby denying it any priority or preferential rights of any kind.
While not artfully drawn, it is our view that the statute in question is not ambiguous hence the court is bound to give effect to the ordinary meaning of the language used. Parrack v. Ford, supra. It was the obvious intent of the Legislature that heirs-at-law of deceased pensioners should not be entirely stripped of what little pittance might remain of estates of such pensioners after expense of administration, preferred claims, and amounts lawfully due general creditors had been paid. It set up a formula to be applied in these cases to accomplish this result, which was followed by the lower court. The following schedule makes clear the manner in which the amount due the state was computed in the instant case, viz:

gross value of estate $3300.00
administration costs and preferred
claims 1475.15
 _______
balance subject to claims of general
creditors 1824.85
portion of estate against which
the state as a general creditor is
precluded from having its claim
paid under section 70-205, A.C.A. 1939 1000.00
 _______
balance available for paying
state's claim 824.85
 =======

The second reason urged upon us why the trial court erred in denying the petition is: "All claims allowed by the executor, approved by the judge and filed with the court are acknowledged debts of the estate and must be paid in the regular course of administration."
For support of this proposition the state relies upon section 38-1006, A.C.A. 1939, and contends that it is controlling. This section comes from the probate code and is a general statute governing all estates, while section 70-205, supra, is a special statute governing only estates of decedents who have received old age assistance from *264 the state. A specific statute controls and is regarded as an exception to the terms of a general act, the legislature not being presumed to have intended a conflict. Industrial Comm. v. Hartford, Accident & Indemnity Co., 61 Ariz. 86, 144 P.2d 548; State v. Dickens, 66 Ariz. 86, 183 P.2d 148. Therefore the trial court did not err in denying the petition as section 70-205, supra, is the controlling statute.
Judgment affirmed.
STANFORD, PHELPS, DE CONCINI and LA PRADE, JJ., concur.