569 P.2d 301

**In the Matter of the APPEAL IN MARICOPA COUNTY, Juvenile Action No. JT–180844.**

**No. 1 CA–JUV 52.**

Court of Appeals of Arizona,
Division 1,
Department A.

Aug. 30, 1977.

Review Denied Sept. 27, 1977.

Charles F. Hyder, Maricopa County Atty. by Jerome G. Landau, Deputy County Atty., Phoenix, for appellant.

Philip M. Haggerty, Phoenix, for appellee.

OPINION

HAIRE, Judge.

On this appeal the sole question raised is whether the state has a right of appeal to the juvenile judge from an order entered by a traffic referee disposing of a juvenile traffic offense. Here, after hearing, the juvenile referee had entered an order dismissing the charge against the juvenile. Within three days, the state filed a Notice of Appeal and Request for Rehearing before the juvenile judge. The juvenile then filed a motion requesting that the juvenile judge dismiss the motion for rehearing and the notice of appeal, contending that under the provisions of A.R.S. § 8–232 G, the state was not a party authorized to appeal or request a rehearing before the juvenile judge. The judge agreed, and dismissed the notice of appeal and request for rehearing.

The matter before the trial court arose out of a hearing on a traffic offense before a juvenile referee pursuant to the provisions of A.R.S. § 8–232. While in ordinary juvenile proceedings such as delinquency and dependency matters, a referee can only make "recommendations" for disposition to the judge of the juvenile court which are not final unless confirmed by the juvenile judge (see A.R.S. § 8–231; *In the Matter of the Appeal in Maricopa County Juvenile Action No. J–79149*, 25 Ariz.App. 78, 541 P.2d 404 (1975)), the provisions of A.R.S. § 8–232 authorize the referee or traffic hearing officer in juvenile traffic offense cases to enter "orders", not mere recommendations. Under the provisions of A.R.S. § 8–232 D, the orders which the referee or traffic hearing officer (or judge) may enter in the juvenile traffic offense case are varied:

D. Upon a hearing conducted upon an admission by the child for the commission

of a traffic violation charged, or upon the finding that the child in fact did commit such violation, the judge, or referee, or traffic hearing officer may do any one or more of the following:

    1. Reprimand the child and take no further action.

    2. Direct the filing of a petition as provided for in this chapter.

    3. Suspend the driving privileges of the child, or restrict such driving privileges for a period not to exceed ninety days.

    4. Order the child to attend traffic school over a period not to exceed sixty days.

    5. Order the child to pay a sum not to exceed fifty dollars to the clerk of the superior court who shall transmit the same to the treasurer of the county.

    6. Transfer the matter to an adult court having jurisdiction.

There is no requirement in § 8–232 similar to § 8–231F requiring confirmation of the orders of the referee or hearing officer by the juvenile judge. Rather, the whole tenor of § 8–232 clearly contemplates the entry of presently effective orders by the hearing officer and referee, subject only to the discretionary rehearing provisions of § 8–232G:

    G. Within three days after hearing by the referee or traffic hearing officer, upon the motion of the child or his parent or guardian, for good cause, or upon his own motion, the judge of the juvenile court may set aside or modify any order of a traffic hearing officer, or may order or himself conduct a rehearing.

The language of subsection G is clear— only "the child or his parent or guardian" is granted the right to request that the order of the referee or traffic hearing officer be modified or that a rehearing be had before the juvenile judge.

Notwithstanding the seeming clarity of the foregoing, the state contends that the provisions of A.R.S. § 8–231F give it the right to a rehearing of the referee's order in this matter.[1] We reject this contention. While it is true that § 8–231F would give the state the right to a rehearing before the juvenile judge of a referee's "recommendations" made in delinquency, dependency and other juvenile proceedings, that statutory provision is not applicable to juvenile traffic offense proceedings before a referee or traffic hearing officer. The legislature has seen fit to enact a special statute dealing with juvenile traffic offenses, and the provisions of that special statute govern over conflicting provisions of the general statute. *Whitfield Transportation, Inc. v. Brooks,* 81 Ariz. 136, 302 P.2d 526 (1956); *In re Gilbert's Estate,* 73 Ariz. 261, 240 P.2d 534 (1952). Here, the special statute limits not only the parties who may appeal to the juvenile judge from the referee's order, but also limits the rights of those parties who are allowed to appeal. The parties who are allowed to appeal (child, parent or guardian) have no right to a mandatory rehearing before the juvenile judge in traffic offense cases. The terms of § 8–232G are wholly permissive, and rehearing may be granted or denied within the discretion of the juvenile judge. This should be contrasted to the provisions of the general statute, § 8–231F, where the juvenile judge has no discretion, and must give the parties a rehearing when timely requested.

Summarizing, the legislature has enacted a statutory scheme which differentiates between the powers of referees in ordinary juvenile matters and their powers in traffic offense matters. On nontraffic matters, the legislature has provided that the findings of a referee are to be recommendations only, and subject to approval and confirmation by the juvenile judge. On the other hand, in traffic matters the legislature obviously intended that all of the referee's

---

1. A.R.S. § 8–231F provides:

    F. A rehearing may be ordered by the juvenile judge at any time and shall be ordered if the parties file written request therefor within three days after receiving the notice required in subsection E of this section. Unless the rehearing is ordered the findings and recommendations become the findings and order of the juvenile court when confirmed.

orders were to be immediately effective, with only a limited right of review by the juvenile judge. The legislature was aware of the practical differences between ordinary juvenile petitions and the very common traffic offense. We must presume that the legislature decided as a policy matter that it did not want to require that a juvenile judge review and confirm all orders entered on juvenile traffic offenses, even though such review and confirmation is required in regular delinquency and dependency matters.

As a final contention, the state urges that Rule 11, Rules of Procedure for the Juvenile Court, A.R.S. 17A, gives the state the right to appeal orders entered by the referee in juvenile traffic offense matters.[2] The language of Rule 11 is confusing to say the least. Contrary to the provisions of A.R.S. § 8–232G, the rule apparently would extend the right of appeal in juvenile traffic matters to all "parties"—presumably including the state. This right of appeal would be from the "recommendation of the referee". This latter provision adds to the confusion, since, as we have previously noted, in traffic offense cases the referee enters orders which are effective without trial judge approval or confirmation; he does not make findings and "recommendations" as in ordinary juvenile proceedings, and as referred to in Rule 11. We have previously noted and discussed the inconsistencies between A.R.S. §§ 8–231, 8–232, and Rule 11. *See In the Matter of the Appeal in Yavapai County Juvenile Action No. 7707*, 25 Ariz. App. 397, 543 P.2d 1154 (1975). To the extent that Rule 11 purports to give a right of appeal contrary to statutory provisions, the statute must govern. While the rulemaking power of the Arizona Supreme Court governs over contrary statutory procedural provisions, Ariz.Const., Art. VI, Sec. 5(5); A.R.S. § 12–111; *Arizona Podiatry Assn. v. Director of Insurance*, 101 Ariz. 544, 422 P.2d 108 (1966); *In the Matter of the Appeal in Maricopa County Juvenile Action No. JS–834*, 26 Ariz.App. 485, 549 P.2d 580 (1976), the grant of the right to appeal is substantive, and by enacting A.R.S. § 8–232 the legislature has expressed its intention not to allow an appeal by the state from the order of the referee or hearing officer in traffic offense matters. *State v. Birmingham*, 96 Ariz. 109, 392 P.2d 775 (1964); *In the Matter of the Appeal in Maricopa County Juvenile Action No. JS–834, supra.*

In conclusion, we point out that in practical effect, this limitation on the state's right to appeal in traffic offense matters only has meaning when nothing is brought to the trial judge's attention which causes him to disagree with the disposition made by the hearing officer or referee. Even under the special statute, the juvenile judge still retains the power, on his own motion, to set aside or modify any order of a traffic hearing officer or referee, or order or himself conduct a rehearing.

The order of the juvenile judge dismissing the state's purported appeal is affirmed.

FROEB, C. J., and WREN, J., concur.

---

2. Rule 11, Rules of Procedure for the Juvenile Court, A.R.S. 17A, reads as follows:

No petition shall be required in traffic offenses, and the juvenile court may use the Arizona Traffic Ticket and Complaint in lieu of a petition. The court may authorize a referee to hear all phases of such matters, including transfer to another court. The parties shall have the right of appeal to the judge of the juvenile court from the recommendation of the referee.